THE SOUTHWESTERN RAILROAD COMPANY *vs.* JOHNSON.

[JACKSON, Judge, having been of counsel, did not preside in this case.]

1. In a suit by a widow against a railroad company for the homicide of her husband, a request to charge that no recovery could be had unless the employees who caused the death had first been prosecuted, was properly refused. Such request assumed the killing to have been a felony, which was a question for the jury.

2. As the evidence discloses that plaintiff's husband, by the exercise of ordinary diligence, could have avoided the injury to himself, even though the defendant was negligent, the verdict finding damages for his widow was contrary to law.

Railroads. Negligence. Charge of Court. New trial. Before Judge CRISP. Dougherty Superior Court. April Term, 1878.

Reported in the decision.

R. F. LYON; D. A. VASON, for plaintiff in error, cited as follows: Indictment of employees necessary, Code, §2970; 9 *Ga.,* 555; 30 *Ib.,* 232. Negligence of deceased caused injury, Code, §§3034, 2972. Defendant not negligent, Code, §§3033, 711; not within §708.

D. P. HILL; H. MORGAN; D. H. POPE, for defendant, cited as follows: Request properly refused, Code, §4327–9; 15 *Ga.,* 349; 57 *Ib.,* 357; 59 *Ib.,* 593. Verdict right, Code, §708; 24 *Ga.,* 75; 38 *Ib.,* 409.

WARNER, Chief Justice.

The plaintiff brought her action against the defendant to recover damages for the homicide of her husband under the

42

provisions of the 2971st section of the Code. On the trial of the case the jury found a verdict for the plaintiff for the sum of $1,000.00. The defendant made a motion for a new trial on the several grounds therein stated, which was overruled, and the defendant excepted.

1. One ground of error alleged is, that the court refused to charge the jury as requested by defendant's counsel, "that the plaintiff could not recover unless the employees of the company, who caused the death of the husband, had been first prosecuted for the felony." To have given this request in charge, would have been for the court to have assumed that the evidence made out a case of felony, whereas that was a question for the jury, without any intimation or expression of opinion by the court in relation thereto. There was no error in refusing the request as set forth in the record.

2. The next ground of error is that the verdict is contrary to law. It appears from the evidence in the record, that the husband of the plaintiff, at the time he was killed, was lying upon the defendant's railroad track where the public road crossed the same. In this class of physical injuries the 2972nd section of the Code declares, that if the plaintiff by ordinary care, could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. But in other cases, the defendant is not relieved although the plaintiff may in some way have contributed to the injury sustained. In the case of the *Macon and Western Railroad Company vs. Johnson*, 38th *Ga.*, 409, an action was brought by the widow of Johnson to recover damages for the homicide of her husband under the provisions of the 2971st section of the Code. This court held in that case that if Johnson could, by ordinary care, have avoided the injury to himself caused by the defendant's negligence, the plaintiff could not recover at all. See, also, *Hendricks vs. The Western and Atlantic Railroad*, 52nd *Ga.*, 467—53rd *Ga.*, 12. The plaintiff's husband in this case, according to the evidence, could by ordinary care have avoided the consequences to himself caused by the

defendant's negligence, assuming that the defendant was negligent in not blowing its whistle at the proper time at the crossing of the public road, and checking up its train of cars. The court erred in overruling the defendant's motion for a new trial.

Let the judgment of the court below be reversed.