## BERRY vs. GOODGER & NAYLOR.

Where creditors of an insolvent husband agreed with him to settle at fifty cents on the dollar, taking his wife as indorser on the note to be given in compromise, but being advised that this could not be done, arranged that the creditors should assign their claim to the wife, and that she should buy it, giving her note therefor, and this was done, in a suit against the wife on said note brought by such creditors, they cannot rightfully prevail. The device is one forbidden by law, and cannot be carried into effect; otherwise the wife would be made to pay the debt of her husband out of her separate estate.

April 13, 1888.

Debtor and creditor. Husband and wife. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1887.

Reported in the decision.

KING & SPALDING, for plaintiff in error.

HALL & HAMMOND, contra.

BLANDFORD, Justice.

Mrs. Berry was a *femme covert*, and her husband was indebted to Goodger & Naylor. He had failed in business, made an assignment, and was insolvent. These creditors undertook to make an arrangement with him as to the settlement of the claim which they held against him; and it was agreed among themselves that they should compromise their claim at fifty cents on the dollar, taking Mrs. Berry as endorser on the note to be given in compromise. They applied to a counsellor, who advised them that this could not be done; but he suggested that Goodger & Naylor should assign their claim against the husband to the wife; that she should buy it and give her note therefor. This arrangement was carried out; and the note sued on in this case was the note given by Mrs. Berry to Goodger & Naylor for the claim against her husband.

This device or contrivance was a conception worthy of a genius; it was a regular *coup de maitre*. But we forbid its consummation. This transaction, which is undisputed by the evidence, is nothing more nor less than the substitution of the wife as the debtor of these parties in lieu of her insolvent husband. It is in its nature a novation to the creditors, the wife paying out of her separate estate the debts of her husband; which is interdicted by the constitution and laws of this State. It is contrary to the policy of our law, which is to protect married women against their love and affection and sympathies on the one hand, and against the importunities and dominion of the husband on the other. The statute of 1866 on this subject (code, §1754,) declares that " all the property of the wife at the time of her marriage, whether real or personal or choses in action, shall be and remain the separate property of the wife; and all property given to, inherited or acquired by the wife during coverture, shall vest in and belong to the wife, and shall not be liable for the payment of any debt, default or contract of the husband." This was carried into the constitution of 1868, and likewise into the constitution of 1877. (Const. 1877, art. 3, sec. 11, par. 1; code, §5088.)

While it is declared that a married woman is a *femme sole* as to her separate estate, yet she cannot do as she pleases therewith; she cannot alien or sell it to her husband, nor in payment of his debts. She is, in that respect, under the protection of the law, and before she can make a contract with her husband in reference to the disposition of her separate estate, she must apply to the superior court of the county wherein she resides, and get an order for that purpose.

To allow such a transaction as this to stand would be, in effect, to turn over and commit the separate estates of wives to the creditors of their husbands, or to the husband himself. So, while we do not criticise particularly the different charges of the court excepted to in this case, we

think that this verdict is contrary to law and to the evidence, and unsupported by the evidence and illegal; and therefore that the court should have granted a new trial.

Judgment reversed.