### 329.   SIMS *v.* SCHEUSSLER.

1. A copy of an instrument required by law to be recorded, taken from the proper registry and duly certified, is presumptive evidence of the existence of an original.
2. The proper custodian of a canceled mortgage is the mortgagor, and of an outstanding uncanceled mortgage the mortgagee. Where it appears that due notice has been served on the mortgagee to produce the original mortgage, and that the mortgagor resides beyond the jurisdiction of the court, a sufficient foundation is laid to admit as secondary evidence a properly certified copy of the mortgage.
3. The issues in the case and the law applicable thereto were fully, fairly, and correctly submitted; and no material error appears, except in the exclusion of certain testimony set out in the opinion.

Complaint, from city court of Floyd county—Judge Hamilton. November 16, 1906.

Argued May 6,—Decided September 19, 1907.

*Denny & Harris,* for plaintiff.
*C. N. Featherston, Dean & Dean,* for defendant.

HILL, C. J.  Sims brought suit against Mrs. Scheussler on a note made by her and indorsed by her husband.  In her plea she admitted the execution of the note, and that the plaintiff was the holder thereof.  She defended on the ground that the note was without legal consideration, and was made by her in assumption of the debt of her husband to the plaintiff or as security for such debt, and was therefore void and could not be enforced as to her.  The jury found in favor of the defendant, and plaintiff's motion for a new trial was overruled.  The evidence in the record shows that Sims and defendant's husband were partners engaged in the hardware business, and that, prior to the execution of the note sued on, Sims sold his interest in the business to Scheussler for the balance of the purchase-price amounting to $2,460.96.  These notes were not paid at maturity, and the note for $1,200, sued on, was the outcome of efforts made by Sims to collect them.  To this point the evidence presents no conflict.  The plaintiff contended, that, soon after the sale of his interest in the hardware business to Scheussler, the latter gave his wife a mortgage for $6,000 on the whole stock of hardware goods; that when he made an effort to collect his purchase-money notes, he was met by this claim of the wife; that he thereupon employed an attorney and threatened to attack the validity of this mortgage as against his notes; that in the negotiations which followed, the wife finally gave him the note sued on for the notes held by him, made by her husband for the purchase of the goods covered by the mortgage, and in full settlement of his claim of priority of payment out of said stock of goods; that these purchase-money notes were thereupon transferred and delivered to the defendant, and the mortgage cancelled by a transfer to the mortgagee of the stock of goods; that the consideration of the note sued on was the notes made by Scheussler in payment of the hardware stock, and the settlement of any claim, legal or equitable, based upon said notes; that therefore the note sued on and made by the wife was for her own benefit, and to protect her interest in the property covered by her mortgage.  If this was the truth of the transaction, the note made by the wife was a valid contract, and enforceable against her under the law of this State.  A wife can buy the notes of her husband, or she can make a valid obliga-

tion in settlement of such notes, if they apparently constitute a prior claim against property derived from her husband and to which she has title or interest. *Daniel* v. *Royce,* 96 *Ga.* 566, 23 S. E. 493; *Lowenstein* v. *Meyer,* 114 *Ga.* 709, 40 S. E. 726; *Atlanta Land Co.* v. *Austin,* 122 *Ga.* 374, 50 S. E. 124.

The defendant denied the foregoing contention of the plamtiff. She denied that she held any mortgage on the hardware stock, or had any interest in said stock or any claim against her husband in connection with said stock of goods. She contended that the note sued on was made by her solely for the purpose of paying or assuming the debt of her husband to the plaintiff as represented by the notes held by him against her husband, and that her said note was given by her as security for the payment of said notes made by her husband. If this contention was the truth of the transaction, the note was invalid and void as against the defendant. Civil Code, §2488. Any contract of the wife to which a creditor of the husband is a party, the purpose of which is to make the wife the husband's surety or by which she assumes the payment of her husband's debt, is invalid, and can not be enforced against her. *Berry* v. *Goodger,* 80 *Ga.* 620, 6 S. E. 19; *Nelms* v. *Keller,* 103 *Ga.* 746, 30 S. E. 572; *Bank* v. *Carlton,* 96 *Ga.* 470, 23 S. E. 388; *Johnson* v. *Leffler Co.,* 122 *Ga.* 670, 50 S. E. 488; *White* v. *Stocker,* 85 *Ga.* 200, 11 S. E. 604; *Bank of Cartersville* v. *Bayless,* 96 *Ga.* 684, 23 S. E. 851; *Chastain* v. *Peak,* 111 *Ga.* 889, 36 S. E. 967.

The evidence in the case was close and directly conflicting as to the material facts, and it was doubtful what was the real transaction between the parties. Every fact and circumstance was therefore valuable and weighty which tended to support the contention of either side. The learned trial judge in his charge submitted the issues and the law fairly, fully, and correctly. In our opinion, however, he erred in excluding certain testimony offered by the plaintiff. A copy of a mortgage for $6,000, dated December 29, 1886, in favor of Mrs. Christine R. Scheussler, covering a stock of hardware as security for a note of even date with the mortgage, and payable to Mrs. Scheussler January 10, 1887, recorded in the clerk's office of the superior court of Fulton county January 24, 1887, and duly certified by the clerk of said court, was offered in evidence by the plaintiff. This certified copy also showed a cancellation of said mortgage, signed by Mrs. C. R. Scheussler on April 30, 1888, in con-

sideration of the transfer by the mortgagor to the mortgagee of a stock of hardware described in the mortgage. This satisfaction the certified copy stated was entered of record December 17, 1885. Of course this last date was a palpable clerical error. Before the certified copy of the mortgage and note was offered in evidence, proof was made that the defendant had been duly served with notice to produce the original, and that she had responded that she was unable to comply, and denied the existence of the original or that it had ever been in her possession or control. The court excluded this testimony, on the ground that there was no proof of the existence of the original. We think this was error. Clearly the ground upon which the ruling was based was erroneous. If the testimony was for any reason inadmissible, the reason for its exclusion would be immaterial. In our opinion, under the facts before the trial court, this testimony was competent. If the mortgage in question had been paid off and canceled, the proper custodian was the mortgagor. The defendant denied the existence of the original; but insisted that if a genuine original had ever existed, the entry from the record showed that it had been paid before the giving of the note sued on, and the testimony was therefore not relevant or material. If the mortgage had been paid off, its proper custodian was the mortgagor, and the evidence showed that he had died out of the State, beyond the jurisdiction of the court, seven years before the suit was brought. If the mortgage had not been paid off, its proper custodian was the mortgagee, the defendant, who had been duly served with notice to produce. These facts show proper diligence as foundation for the introduction of the certified copy. The existence, genuineness, and contents of a deed shown to be lost or destroyed, or beyond the jurisdiction of the court, may be proved by a certified copy of it, if it has been properly and legally probated for record. *Eady* v. *Shivey,* 40 *Ga.* 684; *Hayden* v. *Mitchell,* 103 *Ga.* 435, 30 S. E. 287; *Brown* v. *Oattis,* 55 *Ga.* 416; *Lunday* v. *Thomas,* 26 *Ga.* 537; Civil Code, §5172. The proper registration of the mortgage was presumptive evidence of the existence of an original, and the evidence that all the search for the original had been made which the law required entitled the plaintiff to the benefit of this secondary evidence. The testimony was relevant and material. It tended to strengthen the contention of the plaintiff, that the defendant had an interest in the stock of

hardware sold by him to her husband, in which he also claimed an interest, and that her note was made for her benefit to protect that interest.

We think the court also erred in ruling out the statement of J. H. Lumpkin, a witness for the plaintiff, that "Mrs. Scheussler had some kind of a claim on the property," referring to the stock of hardware. This witness had testified that he was present with the plaintiff, Mr. Scheussler, Mrs. Scheussler, and Mr. Burton Smith, attorney for plaintiff, when the note sued on was signed by Mrs. Scheussler. He was representing Mr. and Mrs. Scheussler as attorney in the negotiations leading up to the execution of the note, and gave testimony as to what took place at the negotiations,— stating that "Mrs. Scheussler had some kind of a claim on the property. Whether this was called a mortgage, or bill of sale, or transfer, in the negotiations with Sims and his attorney which resulted in the giving of the note by Mrs. Scheussler, I am not quite positive." Objection was made to the statement that "Mrs. Scheussler had some kind of a claim on the property," and the court excluded it. This was not an effort to prove the contents of a written instrument, but was the statement of a substantive fact. Especially was this testimony admissible in view of the evidence of Mrs. Scheussler, that she had no claim of any sort on the stock of hardware, or against her husband. That she had some kind of claim on the property at the time she executed the note sued on was material as tending to show a valid consideration for it.

The other assignments of error are without substantial merit; but we think the plaintiff, in view of the great conflict in the evidence, was entitled to every fact and circumstance relevant to the issue of the validity of the note sued on, and tending to establish the truth of his contention.                    *Judgment reversed.*