*S. B. Brewton,* contra.

---

### TRUST COMPANY OF GEORGIA *et al. v.* SESSIONS.

BECK, J.   1. Where a mortgagee proceeded by a rule nisi to foreclose the mortgage, and certain persons filed an equitable intervention, claiming that property belonging to them had been improperly used and that they were entitled to recover sums to be paid from the assets of the mortgagor, and making such mortgagor and the intervenors' guardian defendants to their intervention; upon exception to the overruling of the demurrer filed by the mortgagee to such intervention and a refusal to allow the mortgagee to dismiss its foreclosure proceeding, the mortgagor and the guardian of the intervenors were not interested with such intervenors in seeking to sustain the judgment of the trial court, and therefore were not necessary parties defendant in error.

(*a*) In view of the entire record, M. M. Sessions, as guardian, is not a necessary party plaintiff in error to the case in this court.   The motion to make the mortgagor a party plaintiff in error is granted.

2. Where the plaintiff in proceedings to foreclose the mortgage demurred to interventions which were filed by three parties, and also sought to dismiss the foreclosure proceedings; and to the overruling of the demurrer and the refusal to allow the case to be dismissed a bill of exceptions was filed, assigning error on such ruling, and counsel who appeared of record as representing all of the intervenors signed an acknowledgment of "due and legal service of the within bill of exceptions," and following their names were the words, "Attorneys for defendant in error," this was sufficient acknowledgment of service to bind all of the intervenors, although the singular "defendant" in error was used instead of the plural word "defendants."

3. In a statutory proceeding by rule nisi to foreclose a mortgage, it is not competent for parties who claim that property belonging to them has been misappropriated, and that they have an interest in the property of the mortgagor, to intervene as defendants to the foreclosure of the mortgage and seek equitable decrees in their favor in such proceeding. If they have any equitable rights, they can not be thus asserted.   Civil Code (1910), § 3280.

4. It was error to refuse to allow the mortgagee to dismiss the foreclosure proceedings.

> *Judgment reversed. All the Justices concur.*
> SEPTEMBER 26, 1911.

Intervention. Before W. R. Power, judge pro hac vice. Cobb superior court. May 31, 1910.

*Anderson, Felder, Rountree & Wilson,* for plaintiff.

*G. F. Gober, Mozley & Moss,* and *Clay & Morris,* for defendants.