### 6109.  HILL BROTHERS v. BAZEMORE.

While a wife may contract, she can not bind her separate estate by any contract of suretyship (Civil Code, § 3007), and the fact of suretyship may be proved by parol even though it does not appear on the face of the contract. Civil Code, § 3556. In the present case, in the absence of any evidence that the wife herself purchased the goods which formed the basis of the consideration of the note sued upon, or that she had constituted her husband her agent for that purpose, a finding that in signing the note the wife became merely a surety for her husband's debt was demanded, and alleged errors in the admission of testimony tending to show that the wife signed the note in question under duress are immaterial. It was not error to overrule the motion for a new trial.

DECIDED SEPTEMBER 17, 1915. REHEARING DENIED OCTOBER 2, 1915.

Complaint; from city court of Sylvania—Judge Boykin. October 30, 1914.

*White & Lovett,* for plaintiffs.

*E. K. Overstreet,* for defendants.

RUSSELL, C. J.  Hill Brothers brought suit upon a promissory note signed by Mrs. G. D. Bazemore. The defendant admitted the

execution of the note and that the plaintiffs were the lawful holders thereof, but she pleaded that in signing the note she did so merely as surety for her husband, who she alleged purchased all the supplies and other merchandise which formed the consideration of the note. She pleaded also, by way of set-off, certain payments, aggregating over three hundred dollars of her money, which she alleged had been wrongfully applied by the plaintiffs in payment of her husband's debts. The jury found a verdict for the defendant, and exception is taken to the judgment of the trial judge overruling the plaintiffs' motion for a new trial. The four grounds of the amendment to the motion for a new trial all raise the same objections to different portions of the testimony. In brief, the court permitted the defendant and her husband to testify, in effect, that Mrs. Bazemore seriously objected to signing the note in suit, as well as other notes which it was given to secure, and that she would not have signed the notes or any of them but for the conduct of her husband and his controlling influence over her. It appears from the record that the husband swore that he made her sign the note, and the defendant herself swore that she did not sign until after her husband used some "Sunday-school words" and told her she had to sign it. The objections urged by the plaintiff in the lower court to this and similar testimony were that it was inadmissible, (1) because Hill Brothers were not present and it was not shown that they had any knowledge or reasonable ground of suspicion as to what transpired between the husband and wife; (2) because private conversations or private understandings between husband and wife, of which the plaintiffs had no knowledge, were not binding upon the plaintiffs and were therefore irrelevant; and (3) because fraud or duress used by the husband to induce his wife to sign the note sued upon would not discharge her from liability, unless the plaintiffs participated therein or had notice or knowledge thereof when they accepted it. The trial court overruled the objections.

The point is made that the evidence admitted by the court is especially objectionable for the reason that the defendant had not filed a plea alleging that the note was signed under duress, and counsel for the plaintiffs rely upon rulings of the Supreme Court in *Hull* v. *Sullivan,* 63 *Ga.* 127, *Boland* v. *Klink,* 63 *Ga.* 452, *Schofield* v. *Jones,* 85 *Ga.* 820 (11 S. E. 1032), and *McDonald* v.

*Bluthenthal,* 117 *Ga.* 120 (43 S. E. 422). None of these cases are applicable to the issues raised in the case at bar. *In Schofield* v. *Jones,* Chief Justice Bleckley, in delivering the opinion of the court, said: "One of the questions made by the motion for a new trial is, whether parol evidence was admissible to vary or contradict the written contracts of lease and the promissory notes covering the stipulated rents. It is not deemed in our law any contradiction of promissory notes to inquire by parol evidence into their consideration, or the true relation of the makers thereof to each other. Without entering freely into such inquiries, the statute rendering void all contracts of suretyship by married women could easily be evaded, and would generally prove nugatory. And we doubt not that where, in order to run down and trace out the relation of a married woman to the consideration of any written contract made by her, it is necessary to extend the inquiry into the origin and object of other writings, they also may be investigated by means of parol evidence, though that evidence might tend to contradict their letter and vary their legal effect. How else could married women be hindered from doing by the execution of writings what the law disables them to do at all?" To this effect are the provisions of section 3007 of the Civil Code. It is true, as further stated in *Schofield* v. *Jones,* supra, that, "where the creditor, at the time of creating the debt, really intends, in good faith, to extend the credit to the woman and not the man, and the consideration, as the writings are constructed, passes legally and morally to her, and she executes writings adapted to the nature of the transaction which purport to bind her for the debt as her own, then, whatever may be the private understanding between her and her husband, unknown to the creditor and of which he has no reasonable grounds for suspicion, as to how or by whom the consideration is to be enjoyed, the writings are to be treated as embracing the true substance of the actual contract on both sides." It is true too that the agency of the husband may be manifested by ratification, and that "if the wife executes papers which by their nature import a ratification of the previous negotiations, and the acceptance of the terms and stipulations incorporated in the writings themselves, she is no less bound than if she had negotiated in person. If, however, all three, the creditor, the wife and the husband, combine to give mere color by writing to dealings really in-

tended by all of them to be between the creditor and the husband, and the credit is not really extended to the wife, but to him, then she will be at liberty to repudiate her apparent debt, for the reason that it is, at bottom, not her own, but his." Under the ruling in *Jones* v. *Harrell,* 110 *Ga.* 373 (35 S. E. 690), as well as under the ruling in the *Schofield* case, supra, the plaintiff in the present case might have recovered that portion of the debt evidenced by the note, if any, which was based upon the debt of the wife and for the amount of her debt, if her indebtedness had been clearly shown by the evidence. In other words, if the plaintiff had shown the precise amount of goods furnished to the defendant solely for the purpose of carrying on her plantation, they might have recovered that amount; but clearly, in the absence of any express contract on the part of the wife, they could not hold the wife liable for necessaries used to support the family which it was the duty of her husband to supply. The evidence shows, without contradiction, that the plaintiffs, without any agreement or understanding with the defendant, charged to her subsequent to the year 1910 whatever her husband sought to buy, as well as necessaries for the support of the family, purchased by herself. It does not appear that she had any notice that the course of dealings existing prior to the close of the year 1910 (and which were exclusively with her husband) had been changed. Both the plaintiffs testified that they had never had any conversation with the defendant, and neither of them pretended to claim that she did or said anything which indicated an assumption of liability on her part other than to execute the notes.

It was not decided in *Hull* v. *Sullivan,* 63 *Ga.* 126, 127, that the husband or the wife could not be heard to testify to private conversations between themselves to defeat a contract made by either of them with a third person. On the contrary, the fourth headnote in that case merely submits a query as to the propriety of such testimony, and Judge Bleckley, in discussing the question as to its admissibility, said: "But we leave it as a query." In the *Hull* case, supra, as well as in the case of *Boland* v. *Klink,* 63 *Ga.* 448, the decisions seem to be based upon the peculiar facts of the particular case. For this reason, under the ruling in *Schofield* v. *Jones,* from which we have quoted, we see no impropriety in the trial judge's having permitted the wife to state the circumstances

under which she was induced to sign the note. The fact that the wife was unwilling in the first instance to sign the note, and finally did so only in compliance with her husband's demand, though not amounting to duress, might possibly be a circumstance tending to show that she had not received the consideration of the contract; and, after all, the basic question in cases of this kind is: Who received the consideration, the husband of the wife? It is well settled, however, that errors in the admission of testimony will be treated as harmless if, upon a consideration of the legal testimony in the case, the jury could not have reached a different verdict than that returned; and for that reason it is really immaterial whether the objections to the testimony which was admitted were properly overruled. The consideration of the note was proper subject-matter of inquiry, and the defendant's defense in this case was based upon that inquiry. It is undisputed that the goods sold by the plaintiffs were the consideration of the note. The defendant in her testimony denied that she had ever made any contract with the plaintiffs to purchase the goods in question. She emphatically denied that her husband was her general agent, or an agent specially authorized to deal with the plaintiffs. The testimony of the husband was to the same effect. In our opinion, this shifted the burden upon the plaintiffs of showing that they furnished the goods under an agreement with the defendant; for otherwise the execution of the note by the defendant would be nothing more than a contract of suretyship or an assumption of her husband's debt, both of which are prohibited by law. The burden placed upon the plaintiffs by this testimony of the defendant and her husband was not carried. The plaintiffs themselves testified that during all the three years' course of dealings they never mentioned the subject of liability to the defendant. It is true they stated that they mailed her a statement of her separate account, but the evidence was undisputed that her husband intercepted these statements and that she never saw one of them.

The case then stands thus: The plaintiffs told the defendant's husband they would not sell to him on credit longer, but would sell to her; and instead of communicating with the wife themselves, they selected the husband as their agent to negotitate with his wife and obtain her consent to become herself their customer and to agree to purchase goods from them on her individual account. The

agent selected by the plaintiffs seems to have failed to fulfill his agency, and the plaintiffs can not derive a benefit from this in a contest with the defendant.

*Judgment affirmed. Broyles, J., dissents.*