### 10319.   BYRD *v.* PLANTERS WAREHOUSE COMPANY.

BROYLES, P. J.   This was a suit against a married woman on a promissory note executed solely by her. She admitted the execution of the note, but pleaded that its sole consideration was indebtedness of her husband. The verdict was against her, and she excepts to the overruling of her motion for a new trial, based on the usual general grounds. *Held:* While the evidence was in sharp conflict, this court can not say that the jury were not authorized to find therefrom that the defendant's husband acted as her agent (although this agency was denied by the defendant upon the trial) in the purchase of the goods for which the note sued on was given, or to find that she subsequently ratified these acts of her agent by voluntarily signing the note sued on, or that the plaintiff, at the time the debt was created, really intended in good

faith to extend the credit to her and not to the husband, and that the consideration of the debt passed legally and morally to her. See, in this connection, *Schofield* v. *Jones*, 85 *Ga.* 816 (11 S. E. 1032). The case of *Hill* v. *Bazemore*, 17 *Ga. App.* 107 (86 S. E. 397), cited by counsel for the plaintiff in error, is easily distinguishable by its particular facts from this case.

> *Judgment affirmed.* *Bloodworth and Stephens, JJ., concur.*
>
> DECIDED JUNE 13, 1919.

Complaint; from Taylor superior court—Judge Howard. November 16, 1918.

*C. W. Foy*, for plaintiff in error.

> *Judgment affirmed.* *Bloodworth and Stephens, JJ., concur.*
>
> DECIDED JUNE 13, 1919.   REHEARING DENIED JUNE 19, 1919.