*J. S. Ridgdill, C. A. Christian,* contra.

---

15938. MECHANICS INSURANCE COMPANY OF PHILADELPHIA *v.* TEAT.

STEPHENS, J. 1. In a suit to recover under a policy of insurance for the destruction by fire of an automobile, where one of the defenses interposed by the defendant was that the insured had breached a warranty in the policy, to the effect that the automobile was new when purchased by the insured and was not at the time second-hand, and where there was evidence to the effect that the insured purchased the automobile from another person, who had purchased it from a dealer and had used it for about three weeks prior to its purchase by the insured, a charge by the court that, "although a car may have been purchased by some other person and there may have been some use of it, if there had been no depreciation either in its intrinsic value or its market value, it would be a new car," was not subject to the exception that it was vague and confusing to the jury, in that it did not clearly set forth what was meant by "other person." Nor was the charge subject to the exception that it failed to give a correct definition as to what constitutes a new automobile, or that it withdrew from the jury the right to determine what constitutes a new automobile. Whether the charge contained a correct definition of a new automobile as contradistinguished from a second-hand automobile, in the sense in which these words are used in the policy, is not decided, since this question is not raised in the assignments of error.

2. Evidence that a mortgagee, which appears to be either a corporation or a partnership, went into bankruptcy, and that the witness went to the county of the mortgagee's residence and made "an investigation of the case," was, in the absence of evidence of any effort to locate any of the members of the firm or officers of the corporation or to account for them, and in the absence of any evidence of any attempt to seek the original mortgage in the hands of the mortgagor, insufficient to show such diligence in seeking the original mortgage as to lay the foundation for the introduction of the record of the mortgage as secondary evidence. *Sims* v. *Scheussler,* 2 *Ga. App.* 466 (58 S. E. 693). The court, therefore, did not err in excluding the record from evidence.

3. There being no evidence from which the jury could arrive at the value of the automobile at the time of its destruction by fire, which was nine months after the issuance of the policy, the verdict found for the plaintiff, which was in an amount representing the face value of the policy, was unauthorized.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 11, 1925.

Complaint; from Floyd superior court—Judge Wright. September 20, 1924.

*Spalding, MacDougald & Sibley, Maddox, Matthews & Owens,* for plaintiff in error.

*Lamar Camp, L. A. Dean,* contra: