16271.   CALHOUN *v.* HILL.

STEPHENS, J.  1. Where, by a scheme or device to which her husband's creditor is a party, a wife is induced to make a gift to her husband of her separate estate for the purpose of being used by the husband in the payment of his debt to the creditor, and the husband conveys the property to the creditor in extinguishment of the debt, such transaction may, at the instance of the wife, be treated as void and as passing no title from the wife. Civil Code (1910), § 3007; *Berry* v. *Goodger,* 80 *Ga.* 620 (6 S. E. 19); *Freeman* v. *Mutual Bldg. & Loan Assn.,* 90 *Ga.* 190 (15 S. E. 758); *Temples* v. *Equitable Mtge. Co.,* 100 *Ga.* 503 (28 S. E. 232, 62 Am. St. R. 326); *Johnson* v. *Leffler Co.,* 122 *Ga.* 670 (50 S. E. 488). The property may be recovered by the wife in a suit against the creditor.

2. Where a creditor, whose debt is secured by the pledge of a diamond ring belonging to the wife of the debtor, informs the debtor that he (the creditor) has no title to the property because it was pledged for the husband's debt, but that he (the creditor) can deliver the property to the wife and that she can do as she pleases with it, including the giving of it to her husband, and that the husband could then in turn use it as he saw fit, including using it in the payment of his own debt, to which suggestion the debtor assented; and where afterwards the husband and the creditor went to the wife, and, after a private interview between the husband and the wife, the creditor, in the presence of the husband, delivered the ring to the wife, at the same time disclaiming to her any title thereto, and suggested to her that she could do as she pleased with the ring, including giving it to her husband, if she so desired, and that the husband could then use the ring in payment of his own debt, and where the wife thereupon, in the presence of the creditor, after having retained the physical possession of the ring for three or four minutes, handed it to the husband, who then gave it to the creditor and in the presence of the wife executed a bill of sale thereto to the creditor with the wife as an attesting witness, the only reasonable inference that can be drawn therefrom is that this transaction was a scheme and device to which the creditor was a party, by which the wife conveyed her separate estate to the creditor in payment of her husband's debt. Civil Code (1910), § 5926. Such inference is as a matter of fact demanded.

3. In a suit in trover by the wife against the creditor to recover the ring, a verdict for the plaintiff was properly directed.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 13, 1926.

---

Husband and Wife, 30 C. J. p. 943, n. 45 New; p. 1028, n. 40 New.

Trover; from Muscogee superior court—Judge Munro. December 31, 1924.

Application for certiorari was denied by the Supreme Court.

*Arnold & Battle,* for plaintiff in error. *John A. Fort,* contra.