SIMMONS HARDWARE COMPANY *v.* TIMMONS *et al.*

BELL, Justice. 1. A suit by a wife to cancel a deed of conveyance made by her to her husband and a mortgage on the same property made by her husband to his creditor, upon the ground that the transactions represented by these two instruments constituted a mere colorable scheme whereby the property of the wife should be pledged by the husband as security for his debt, is not strictly a proceeding quia timet, and is not governed in all respects by rules applicable to a case of that character (*City of Atlanta* v. *Jones,* 135 *Ga.* 376 (5), 69 S. E. 571); and if the wife's petition in such case "does not pray for a temporary injunction or other interlocutory relief prior to the final trial, the same can be filed in the office of the clerk of the superior court without first obtaining the sanction of the judge." *Wynne* v. *Fisher,* 156 *Ga.* 656 (4) (119 S. E. 605). This is not to imply that the rule as to sanction would be different in a proceeding quia timet. See *Young* v. *Hamilton,* 135 *Ga.* 339, 345 (69 S. E. 593, 31 L. R. A. 1057, Ann. Cas. 1912A, 144).

2. In a suit by a wife to cancel a deed and mortgage, as indicated in the preceding paragraph, it is not necessary to allege or prove that the wife is in possession of the property; nor is such an action to be defeated merely because subsequently to the execution of such deed the wife, treating the property as her own, has placed thereon an encumbrance such as a security deed to a third person. *Gilmore* v. *Hunt,* 137 *Ga.* 272 (73 S. E. 364); *City of Atlanta* v. *Jones,* supra.

3. While a wife may, in the absence of fraud or undue influence, give her property to her husband in order that he may pay or secure his debts, yet where by a scheme or device to which the husband's creditor is a party the wife is induced to make such conveyance for the purpose of enabling the husband to mortgage the property as security for his debt, and the property is so mortgaged by him, the transaction may be treated as void at the instance of the wife in a proper proceeding. The petition in the present case stated a cause of action for cancellation. *Cain* v. *Ligon,* 71 *Ga.* 692 (2) (51 Am. R. 281); *Berry* v. *Goodger,* 80 *Ga.* 620

(6 S. E. 19); *Hadden* v. *Larned,* 87 *Ga.* 634 (13 S. E. 806); *Freeman* v. *Mutual Building & Loan Asso.,* 90 *Ga.* 190 (15 S. E. 758); *National Bank of Athens* v. *Carlton,* 96 *Ga.* 469 (23 S. E. 388); *Hawkins* v. *Kimbrell,* 158 *Ga.* 760 (124 S. E. 351); *Calhoun* v. *Hill,* 35 *Ga. App.* 18 (131 S. E. 918).

4. Where in such case there was evidence to the effect that the creditor was pressing the husband for payment or security, and that they at first agreed that the debt might be secured by obtaining a deed to the husband for a consideration, to be followed by a mortgage from the husband to the creditor, but that on learning that such a conveyance by the wife would not be valid unless approved by an order of the superior court they concurred in a plan whereby the wife would make a deed of gift to her husband, after which the husband would execute the mortgage as stated; and where it was further shown that the act of the wife in executing the deed was induced by persuasion and importunity on the part of the husband, an auditor, hearing the case by reference, was authorized to find that the conveyance was a mere colorable transaction resulting from a scheme or device to which the creditor was a party, and that the deed and mortgage should be canceled.

5. Where the evidence authorized the inference that the creditor joined the husband in a scheme to obtain a deed of gift from the wife in order to enable her husband to secure his own debt by a mortgage upon the property, it was not error to allow the husband and the wife to testify that the latter was induced to make the deed by persuasion and importunity on the part of the husband and with the understanding that the property was merely "loaned" to him for a short period,—over objection that the creditor was not present and would not be bound by such private conversation and agreement without notice thereof. If the creditor was a party to the original scheme, it is bound by the subsequent negotiations between the husband and wife. See, in this connection: Code of 1933, §§ 53-506, 48-107; *Cain* v. *Ligon,* supra; *Klink* v. *Boland,* 72 *Ga.* 485 (4); *Hadden* v. *Larned,* supra; *Cohen* v. *Parish,* ·105 *Ga.* 339 (3) (31 S. E. 205); *Hill* v. *Bazemore,* 17 *Ga. App.* 107 (86 S. E. 397,).

6. The findings of the auditor that the debt was originally against a corporation in which the husband was interested, but that by agreement between the creditor and the husband the debt would be assumed by the latter and be secured with property of his wife, as indicated above, and that the subsequent deed from the wife and the mortgage by the husband constituted a mere "colorable transaction agreed upon in advance" by the husband and the creditor for the purpose of obtaining security upon the wife's property, necessarily embraced a finding against the creditor on its plea of estoppel based upon its alleged release of the corporation as original debtor, as well as upon other action claimed to have been taken by it in reliance upon the wife's conveyance. Accordingly, the failure of the auditor to make an express finding upon the plea of estoppel was not cause for ·a recommitment. *Dunbar* v. *Mize,* 53 *Ga.* 435 (2); *Temples* v. *Equitable Mortgage Co.,* 100 *Ga.* 503 (28 S. E. 232, 62 Am. St. R. 326); *Gordon* v. *Harris,* 141 *Ga.* 24 (80 S. E. 276).

7. The wife was not estopped by the judgment foreclosing the mortgage upon the property in a statutory proceeding by the creditor against the husband, she not being a party thereto. Code of 1933, § 67-302; *Johnston* v. *Crawley*, 22 *Ga.* 348; *Trust Company of Georgia* v. *Sessions*, 136 *Ga.* 862 (72 S. E. 347) ; *Frommel* v. *Cox*, 158 *Ga.* 310 (4) (123 S. E. 296).

8. Under the foregoing rulings the orders upon the pleadings were correct; and there.was no error in refusing to recommit the case to the auditor, or in overruling the exceptions of law and disapproving the exceptions of fact to the auditor's report.

*Judgment affirmed. All the Justices concur.*

ATKINSON, Justice, concurring in the result. Inasmuch as the petition alleges that the claim of title by the defendant is under the plaintiff, it was not necessary that she should be in possession of the property in order to maintain suit *for cancellation* of the deed; nor that the petition should have been sanctioned before filing.

No. 10579. APRIL 10, 1935.

*Walter S. Dillon,* for plaintiff in error.

*William C. Henson, Craighead & Craighead,* and *Dwyer & Dwyer,* contra.