26313. POLLARD, receiver, *v.* REID, next friend.

DECIDED OCTOBER 28, 1937.

*Garland M. Jones, Beck, Goodrich & Beck,* for plaintiff in error. *Stanford Arnold,* contra.

FELTON, J. ■ This was an action to recover for the homicide of the father of several minor children. The petition alleged substantially, that the deceased was standing on the tracks of the railroad where it was the duty of the servants of the road to anticipate the presence of persons on or near the tracks, and to exercise ordinary care in warning them of the approach of trains or cars, and that no such warning was given, as a result of which the deceased was run over and killed. It was not specifically al-

leged that the servants of the railroad actually saw the deceased on the tracks. The petition therefore sought to set forth a cause of action for simple negligence alone. It was further alleged that the deceased, while standing on the track, was oblivious of the approach of the train which killed him, for the reasons that he was slightly hard of hearing, was not in good health, and was engaged in an argument with his housekeeper who had overtaken him for the purpose of dissuading him from going fishing on account of his health and his susceptibility to spells of dizziness. It was not alleged that he was in a helpless condition, and that there was anything to indicate such to the train crew.

Since the suit is for simple negligence, and it affirmatively appears that the death of the deceased was due to his own negligence in standing on the tracks, arguing with his housekeeper, especially in view of his defective hearing and his physical condition, it is fatally defective, and the court erred in not sustaining the general demurrer. This case is clearly distinguishable from *Goswick* v. *W. & A. R.*, 54 *Ga. App.* 164 (187 S. E. 205). In that case the injured person's attention was drawn away from the train that hit him, by the noise of another train. That decision was predicated upon the proposition that the attention was drawn away from the approaching train by the person's concern for his *immediate safety.* The facts in this case obviously do not bring it up to the standard in the *Goswick* case.

■ The ruling in the second headnote needs no elaboration.

*Judgment reversed. Sutton, J., concurs. Stephens, P. J., concurs in the judgment and in the ruling in the second headnote, and dissents from the first division of the opinion.*