30321. THORNTON *v.* SOUTHERN RAILWAY COMPANY *et al.*

DECIDED MAY 19, 1944. REHEARING DENIED JULY 28, 1944.

*J. T. Sisk,* for plaintiff.
*W. D. Tutt, Raymonde Stapleton,* for defendants.

BROYLES, C. J. Mrs. O. B. Thornton Jr. sued Southern Railway Company and John Power for damages. A general demurrer to the petition was sustained, and that judgment is assigned as error.

■ Southern Railway Company filed a motion to dismiss the bill of exceptions on the following grounds: "That it affirmatively

appears from the petition in the court below that the suit was filed against Southern Railway Company and John Power as codefendants; that the bill of exceptions names only Southern Railway Company as defendant in error; that John Power is interested in sustaining the judgment of the court below, and has not been named as a defendant in error and has not been served as such; that he is an essential party, and therefore this court is without jurisdiction in said matter, as was held in *Malsby* v. *Shipp*, 177 *Ga.* 54 [169 S. E. 308]." The plaintiff in error in due time offered an amendment to her bill of exceptions in which she named John Power as a codefendant in error, and alleged that it appeared from the general demurrer that it was filed in behalf of both Southern Railway Company and John Power by the same attorneys, that service of the bill of exceptions was acknowledged by said attorneys without exception or reservation, and that the acknowledgment of service recited that "all further notice and service is hereby waived." The above-stated allegations are supported by the record. It is true that the original bill of exceptions named only Southern Railway Company as defendant in error, and that counsel in acknowledging service signed their names as "attorneys for defendant in error." However, in *Trust Company of Georgia* v. *Sessions,* 136 *Ga.* 862 (2) (72 S. E. 347), the court held that where counsel, representing several parties in the trial court, signed an acknowledgment of "due and legal service of the within bill of exceptions," and following their names were the words, "attorneys for defendant in error," this was sufficient acknowledgment of service to bind all of the defendants in error, although the singular "defendant" in error was used instead of the plural word "defendants." See, also, *Marlin* v. *McAfee,* 31 *Ga. App.* 690 (122 S. E. 71). In *Malsby* v. *Shipp,* supra, cited in behalf of the defendants in error, it does not appear that the plaintiff in error amended his bill of exceptions by naming the other parties who were interested in sustaining the judgment of the trial court. The amendment to the present bill of exceptions is allowed, and the motion to dismiss is denied.

■ The petition alleged that the plaintiff's father, John Gable, at about twelve-thirty p. m., was walking on the railroad tracks of a branch line of the defendant company, and that when he reached a point about 150 feet from the Brewer's bridge public

crossing, he was struck and killed by a train of said company which was being operated by the defendant Power, as the servant and employee of the railway company; that before Gable got upon the tracks he was walking on the public road from his residence to said public crossing, and was within about fifteen or twenty feet of the railway tracks and was in position to hear and see any train approaching from the rear; that when he approached the crossing no train of the defendant company was in sight; that at the crossing, the main line of the defendant company and the tracks of the Seaboard Air Line Railway Company run parallel for a distance of more than a mile and about ten feet apart; that when Gable was walking along the defendant company's tracks, a train of the other railway company had just passed over the crossing and was making considerable noise and drowning out any noise that the engine of the defendant company might have been making in approaching the crossing; that when the defendant's train approached the crossing, the said John Power negligently failed to sound the whistle or to ring the bell on his engine, or to give any other signal of the approach of the train, either for the crossing, or to warn Gable of said approach, or in anticipation of his presence at the place where he was killed; that the train, when approaching the crossing, was "rolling" or "coasting" and making very little noise; that while Gable was walking on the defendant's tracks he was in plain view of the engineer, John Power, and could have been seen by Power for about 500 yards, and in ample time for Power to have stopped the train before reaching him; that Power did not know that his engine had struck Gable until he was later told that it had; that only one train a day passed over said branch line, and the train in question was about two hours and forty-five minutes late when it struck Gable, and was being operated at a speed of about thirty or thirty-five miles an hour, "which at said time and place and under the circumstances set forth in this petition was negligence on the part of the defendants;" that the public crossing, together with the place where Gable was struck, is in a thickly settled community and industrial section of the City of Elberton, and only about 100 feet from the city limits; that large numbers of persons constantly use said crossing, and persons customarily and regularly use the tracks of the defendant company where Gable was struck as a walk-way at all hours of the day, with the full

knowledge, and without the disapproval, of the company, and have done so for at least ten years, and that the defendants, their agents, and employees, were bound to anticipate the presence of persons at the time and place where Gable was killed, and they owed him the duty of anticipating his presence there, and failed to take such precautions to prevent killing or injuring him as were required "by the exercise of ordinary diligence;" that the defendants were also negligent in that they failed to keep any lookout ahead of the engine as it approached and passed the crossing and approached Gable.

The controlling question here is, was the deceased, when walking on the tracks of the defendant company as set forth in the petition, a licensee, or a trespasser? In *Hammontree* v. *Southern Ry. Co.,* 45 *Ga. App.* 728 (165 S. E. 913), this court said: "The mere fact that the public may have been accustomed to travel on foot along a certain portion of the right of way of a railway company, and that no measures have been taken to prevent it, does not of itself operate to constitute a person so using the track a licensee of the company; and in the absence of the company's permission for such use, such unauthorized custom does not change the relation of one so using the property of the railway company from that of a trespasser. *Southern Ry. Co.* v. *Barfield,* 112 *Ga.* 181 (37 S. E. 386)." In the instant case the petition did not allege that the defendant company had ever given its permission for the public, or Gable, to walk on its tracks at or near the place where Gable was killed; and therefore the petition, properly construed (most strongly against the petitioner), shows that no such permission was given. We hold that the petition shows on its face that Gable, when he was killed, was a trespasser on the defendant's property. Since Gable was a trespasser on the defendant company's tracks, the only duty owed him by the company was not to wantonly or wilfully injure him after his presence there had been discovered. *Ashworth* v. *Southern Ry. Co.,* 116 *Ga.* 635 (43 S. E. 36, 59 L. R. A. 592); *Hammontree* v. *Southern Ry. Co.,* supra. And "even where a person on the track is in fact discovered, it is the general rule that a railway company is authorized to act on the presumption that a person apparently of full age and capacity, standing or walking along or near its track, will leave it in time to save himself, unless it should also appear that such trespasser is in

an apparently incapacitated or helpless condition, so that he could not reasonably be expected to extricate himself from his peril. The mere failure of the employees of a railway company to discover the presence of a trespasser at a place where and a time when it was · their duty to anticipate the presence of trespassers, and, thereafter, to take such needful and proper measures for his protection as ordinary care might require, might amount to a lack of ordinary care on the part of the railway company, but would not, in and of itself, amount to wilful and wanton misconduct. *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924)." *Hammontree* v. *Southern Ry. Co.,* supra. In the instant case, the petition, properly construed (most strongly against the plaintiff), shows that the engineer operating the defendant company's engine did not discover that Gable was upon the track until after he was struck and killed. The petition further alleged that the defendants were guilty of *ordinary* or *mere* negligence only.

In *Hammontree* v. *Southern Ry. Co.,* supra, the petition contained two counts. Count one charged mere negligence; but, as this court said, failed to show "that the decedent occupied any position other than that of a trespasser at the time of the injury, and without showing that his presence on the track at the time and place of the injury was brought about by such circumstances as would relieve the decedent from a failure to exercise ordinary care on his part." Count two set up wilful and wanton negligence on the part of the defendant. The court overruled a motion to dismiss the first count, and exceptions were taken to that judgment, · and this court held that the judgment was error. In ·the instant case, the petition, construed most strongly against the plaintiff, shows on its face that the decedent was a trespasser upon the tracks of the defendant company, and failed to show that his presence there at the time and place of his injury was brought about by such circumstances as would relieve him from a failure to exercise ordinary care on his part.

In the case of *Vaughn* v. *L. & N. R. Co.,* 53 *Ga. App.* 135 (185 S. E. 145), cited by counsel for the plaintiff in error, the decedent was walking *across* a railroad track, on a pathway, when struck by a train; while, in the instant case, the deceased was walking *longitudinally* on the track, 150 feet from the railway crossing, at the time of his injury. The *Vaughn* case, and the other cases cited

in behalf of the plaintiff in error, are distinguished by their facts from this case. The petition in the instant case, while it alleges that there was no train in sight when the decedent stepped upon the railway track, shows that, thereafter, he walked on the track 150 feet from the crossing before he was struck by the train; that the track was straight along there for about 500 yards, and that, by merely turning his head, he could have seen the train approaching him from the rear in ample time to have stepped from the track and saved himself from being injured. The petition, thus properly construed, shows that the decedent, by the exercise of ordinary care for his own protection, could have avoided the consequences of the alleged negligence of the defendants; and the petition alleging that such negligence was merely ordinary or simple negligence, and failing to show any facts that would relieve Gable from the duty of exercising ordinary care, the sustaining of the general demurrer to the petition was not error. "The suit being for simple negligence, and the petition showing on its face that the deceased could have avoided the consequences of the defendant's alleged negligence by the use of ordinary care, it was error to overrule the general demurrer [to the petition]." *Pollard* v. *Reid*, 56 *Ga. App.* 594 (193 S. E. 370). In *Southwestern R. Co.* v. *Johnson*, 60 *Ga.* 667, the court said: "As the evidence discloses that plaintiff's husband, by the exercise of ordinary diligence, could have avoided the injury to himself, even though the defendant was negligent, the verdict finding damages for his widow was contrary to law."

In *Lowe* v. *Payne*, 156 *Ga.* 312, 316 (118 S. E. 924), the court said: "If a homicide occurs at a place upon the track of a railway company, where it was the duty of the servants of the company to anticipate the presence of persons on the track, and their failure to so anticipate the presence of others thereon amounts to mere negligence, the negligence of the person killed, under such circumstances, amounting to the lack of ordinary care for his safety, and where the person killed could by the exercise of ordinary care have avoided the consequences to himself of such negligence of the servants of the company [such facts] will prevent a recovery by a plaintiff who sues for such homicide."

In *Atlantic Coast Line R. Co.* v. *Fulford*, 159 *Ga.* 812 (5) (127 S. E. 274), the court said: "The decedent being at the time of the homicide an adult possessed of normal mental and physical facul-

ties, though he was prevented by noises in the vicinity from hearing the train which approached him from the rear, could and should have exercised the faculty of sight, by which he would have ascertained upon merely turning his head that the train was approaching. He knew that he was in a place of danger when walking longitudinally along the track, and knew that there were noises there which interfered with his hearing, and consequently the slightest degree of care upon his part would have required him to look in the direction from which the danger might come, and a failure to exercise this care was such gross neglect upon the part of the decedent as to bar a recovery for his death." That decision is very pertinent to the facts of the instant case and is controlling in this cause.

In *Leverett* v. *L. & N. R. Co.*, 38 *Ga. App.* 155 (142 S. E. 905), where the facts are substantially similar to those of the instant case, the headnote reads: "In this suit to recover damages for the death of the plaintiff's son, alleged to have been caused by the negligent running of the defendant's locomotive and cars, it affirmatively appeared that the decedent was guilty of such negligence as to bar a recovery for his death on account of the mere negligence of the railroad company; and no wilful or wanton act on the part of the defendant having been charged, the petition failed to set forth a cause of action, and the general demurrer was properly sustained."

Under the above-cited decisions, we hold that the sustaining of the general demurrer to the petition in the instant case was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

ON MOTION FOR REHEARING.

BROYLES, C. J. Counsel for movant in his motion for a rehearing alleges that this court erred in stating that the controlling question in the case was whether the deceased, when walking on the tracks of the defendant company, as set forth in the petition, was a licensee or a trespasser.

Counsel in his original brief contended that the deceased was not a trespasser, but was a licensee, while counsel for the defendants contended that the deceased was a trespasser. We think that under all the facts of the case as set forth in the petition our statement as to the controlling question was correct. Moreover, if it be

conceded that, under the facts of the case as stated in the petition, the defendant company owed to the deceased trespasser the duty not to wantonly or wilfully injure him after his presence on its track had been discovered, and the additional duty of anticipating his presence there, the sustaining of the general demurrer to the petition was not error. "If a homicide occurs at a place upon the track of a railway company, where it was the duty of the servants of the company to anticipate the presence of persons on the track, and their failure to so anticipate the presence of others thereon amounts to mere negligence, the negligence of the person killed, under such circumstances, amounting to the lack of ordinary care for his safety, and where the person killed by the exercise of ordinary care, could have avoided the consequences to himself of such negligence of the servants of the company [such facts] will prevent a recovery by a plaintiff who sues for such homicide." *Lowe* v. *Payne,* 156 *Ga.* 312 (supra) ; and also, to the same effect, *Atlantic Coast Line R. Co.* v. *Fulford* (supra). "The suit being for simple negligence, and the petition showing on its face that the deceased could have avoided the consequences of the defendant's alleged negligence by the use of ordinary care, it was error to overrule the general demurrer [to the petition]." *Pollard* v. *Reid,* 56 *Ga. App.* 594 (supra). See also *Southwestern R. Co.* v. *Johnson,* (supra), and the rulings quoted in our original opinion from *Atlantic Coast Line R. Co.* v. *Fulford,* and *Leverett* v. *L. & N. R. Co.* (supra). The facts in the two last-named cases are substantially similar to those of the instant case. In *Kennemer* v. *W. & A. R.,* 42 *Ga. App.* 266 (155 S. E. 771), where the facts were substantially similar to those of the instant case, this court quoted approvingly the decision in the *Fulford* case (as set forth in our original opinion in the instant case), and cited many cases to the same effect.

Counsel for movant cites many decisions in his motion for a rehearing, but relies very strongly on the ruling in *Vaughn* v. *L. & N. R. Co.,* 53 *Ga. App.* 135 (supra). That case, in our original opinion in the instant case, was discussed and differentiated from this case. Counsel, however, contends that we misconstrued the facts of the *Vaughn* case when we treated it as a railroad-crossing case. The petition in that case alleged that there was a well-defined pathway for pedestrians crossing over the rail-

road track, and that "as he [Vaughn] crossed from one side of the track to the other, and while in the line of said pathway he was run into" by the train. Counsel argues that the foregoing language should be construed as alleging that Vaughn had completed his crossing of the track before he was hit by the train. It seems to us that it would be immaterial whether Vaughn was struck while he was on the track or just after stepping from it. Certainly, the petition could not be construed as alleging that he was struck after getting off the track and *while walking longitudinally on or near the track*. Furthermore, this court in the *Vaughn* case construed it as a "crossing" case. In distinguishing it from the *Kennemer* case, supra, it stated that Kennemer "was a trespasser on the railroad's property walking longitudinally along the track with his back to the train and there were noises which prevented his hearing the approach of the train." Furthermore, there are other distinctions between the *Vaughn* case and the case at bar. The amended petition in the *Vaughn* case alleged that "the engineer and the fireman on said engine knew of the use of said path crossing over said track by the public." The petition in the instant case did not allege that the decedent was walking in any pathway when struck by the train, and it did not allege that the engineer or fireman of the train had any knowledge that many or any persons were in the habit of walking on the track at the place (150 feet from the nearest crossing) where the decedent was struck and killed. The amended petition in the *Vaughn* case also alleged that the defendants were guilty of *wilful and wanton negligence,* while the defendants in the instant case were charged with *simple* negligence only.

The other cases cited in the motion are distinguished by their particular facts from the case at bar. Here, the petition alleged that the defendants were guilty of simple negligence only, and it appears on the face of the petition that the deceased was a trespasser on the railroad's property, and that neither the engineer nor the fireman saw him before he was struck by the train, and that (conceding that the defendants were guilty of simple negligence in not discovering the decedent before he was struck) the decedent, by merely turning his head, could have seen the train approaching from the rear and have stepped from the track and avoided the consequences to himself of the simple negligence of the defendants.

None of the grounds of the motion show cause for a rehearing of the case.

*Rehearing denied.  MacIntyre and Gardner, JJ., concur.*