31062.   LUCK *v.* WESTERN & ATLANTIC RAILROAD.

DECIDED NOVEMBER 21, 1945.

*O. Lee White, William A. Ingram,* for plaintiff.
*Neel & Ault, Walton Whitwell,* for defendant.

SUTTON, P. J. (After stating the foregoing facts.) ■ According to the allegations of the petition, the plaintiff, at the time he was injured, was standing on a path of the railroad right of way which ran parallel with the main-line tracks of the railroad,

"dangerously close to the rails of said track of defendant." It was alleged that the path was six feet in width. It is apparent from the various allegations of the petition that the path running along the railroad track and crossing the tracks did not constitute a public crossing, but had been used by the public with the tacit or constructive knowledge of the defendant and its agents, there being no sign, notice, or other warning forbidding the use thereof. "A person who crosses the tracks of a railroad company, not at a public crossing, or at a private crossing established by law, or at a crossing which the railroad keeps up or helps to keep up, but at a place where people are accustomed to cross, and where the railroad has done nothing in an affirmative way, and has merely taken no action to prevent such customary crossing, is a trespasser." *Lassiter* v. *Atlanta & West Point R. Co.*, 61 *Ga. App.* 23 (5 S. E. 2d, 603), and numerous citations. "The mere fact that the public may have been accustomed to travel on foot along a certain portion of the right of way of a railroad company, and that no measures have been taken to prevent it, does not of itself operate to constitute a person so using the track a licensee of the company; and, in the absence of the company's permission for such use, such unauthorized custom does not change the relation of one so using the property of the railway company from that of a trespasser." *Hammontree* v. *Southern Ry. Co.*, 45 *Ga. App.* 728 (165 S. E. 913); *Southern Ry. Co.* v. *Barfield*, 112 *Ga.* 181 (37 S. E. 386). In the *Barfield* case, supra, where the plaintiff was injured on the right of way of a railroad in broad daylight, while walking along the track and seeing an approaching locomotive, stepped from that track to the space between it and another track, without looking back to see if anything was coming, and on the approach of a moving train on the second track from the rear, he threw out his hand, striking one of the moving cars, and was thereby thrown under the wheels and injured, the court ruled that he was not entitled to recover whether he was a licensee or trespasser. In the present case, when the plaintiff started across Railroad Street, just before reaching the main-line railroad tracks, it was alleged that the view to his right was obscured by obstructions and curve in the railroad track, preventing him from observing the oncoming train; that he did not see or know that the train was going to cross the crossing, but that the trainmen, when just a short dis-

tance from the crossing and thoroughfare, carelessly increased the speed of the train to a high and dangerous and illegal rate; that, when the plaintiff reached the path on the east side of the road bed on the west side of Railroad Street, he believed that he could cross the tracks in safety, but, after he started upon the tracks, he stopped before crossing and remained on the east path "as far from and on the east side of said tracks as he could on said path and crossing," and, by reason of the speed and the violent rocking and rolling of the train, and the exhaust of hot water, steam, and smoke upon him, he was injured as alleged. According to the allegations of the petition, the plaintiff saw the approaching train when he started on the track and in time to remove himself from his perilous position to a place of safety, but, instead of doing so, chose to remain on the path "dangerously close to the track," and was injured by a train he saw approaching him from the front. It was ruled in *Clardy* v. *Southern Ry. Co.*, 112 *Ga.* 37 (37 S. E. 99): "A railway company is not liable to a pedestrian who, even as a licensee, uses its right of way as a foot-path, for injuries occasioned by a blow from a stone which formed a portion of the ballast of the company's track and which was casually dislodged from its place therein and hurled against him by a passing train." And it was said in the opinion in that case: "One who uses a railroad right of way as a pathway is surely chargeable with knowledge of the uses which the company ordinarily makes of property of this kind, and necessarily takes the risk of casualties occasioned by such use. If the defendant company ought to have foreseen the particular casualty of which the plaintiff complains, he, too, ought to have foreseen it and selected some other and safer place to walk."

■ There is no allegation of wilful and wanton negligence on the part of the defendant in this case, but the allegations in that respect are in the alternative. " 'An allegation in a petition that a person knows or by the exercise of ordinary care ought to know a given fact is not an allegation of actual notice of such fact.' (*Central of Ga. Ry. Co.* v. *Tapley*, 145 *Ga.* 792 (3), 89 S. E. 841). Allegations that the servants of a railroad company operating its train knew or ought to have known of the presence of a person on its track in front of the train, their actual knowledge of which is necessary to constitute wilfulness and wantonness by

the defendant, charge only implied notice, and are insufficient to show wilfulness and wantonness. *Western & Atlantic R. Co.* v. *Michael,* 175 *Ga.* 1 (5), 10 (165 S. E. 37)." *Central of Ga. Ry. Co.* v. *Stamps,* 48 *Ga. App.* 309 (172 S. E. 806). In the absence of an allegation to the contrary, it will be assumed that the plaintiff was a person of ordinary intelligence and that he was laboring under no physical defect or disability which rendered him incapable of appreciating his position and of knowing the dangers incident thereto. *Thomas* v. *Georgia Granite Co.,* 140 *Ga.* 459, 460 (79 S. E. 130). "Ordinarily the only duty owing by a railway company to a trespasser upon or about its property is not to wantonly or wilfully injure him after his presence has been discovered." *Hammontree* v. *Southern Ry. Co.,* supra; *Young* v. *South Georgia Ry. Co.,* 34 *Ga. App.* 537 (130 S. E. 542); *Central of Ga. Ry. Co.* v. *Stamps,* supra; *Ashworth* v. *Southern Ry. Co.,* 116 *Ga.* 635 (43 S. E. 36, 59 L. R. A. 592); *Dodson* v. *Southern Ry. Co.,* 55 *Ga. App.* 413 (190 S. E. 392); *Southern Ry. Co.* v. *Lomax,* 67 *Ga. App.* 406 (20 S. E. 2d, 437).

■ "Even where a person on the track is in fact discovered, it is the general rule that a railroad company is authorized to act on the presumption that a person apparently of full age and capacity, standing or walking along or near its track, will leave it in time to save himself, unless it should also appear that such trespasser is in an apparently incapacitated or helpless condition, so that he could not reasonably be expected to extricate himself from his peril." *Hammontree* v. *Southern Ry. Co.,* supra; *Young* v. *South Georgia Ry. Co.,* supra; *Dodson* v. *Southern Ry. Co.,* supra; *Southern Ry. Co.* v. *Lomax,* supra.

■ It is alleged in paragraph 14 of the petition that the plaintiff exercised ordinary care and diligence for his own safety, and that by reason thereof he could not have avoided the defendant's negligence nor the consequences. "It is an established rule of pleading that conclusions in conflict with the pleaded facts are to be disregarded (*Flynt* v. *Southern Ry. Co.,* 7 *Ga. App.* 313, 316, 66 S. E. 957), and general allegations that a person could not have avoided the consequences of another's negligence by the exercise of ordinary care after it was or should have been discovered must yield, on demurrer, to the particular facts shown where inferences from the facts are necessarily to be drawn contradictory

to the conclusions. (*Wood* v. *Pynetree Paper Co.,* 29 *Ga. App.* 81, 114 S. E. 83)." *Moore* v. *Seaboard Air Line Ry. Co.,* 30 *Ga. App.* 466 (118 S. E. 471).

■ Paragraph 9 of the petition alleged negligence on the part of the defendant by its failure to ring any bell, or sound any gong or whistle or other warning of the approach of the train. Paragraph 8 of the petition alleged in substance that the plaintiff saw the approaching train "and believed that he could cross said tracks in safety at the speed said train was traveling. . . The failure of the engineer to give the signals required by the statute when approaching a public crossing will not impose liability upon a railroad company to a person upon or near the railroad track who is fully aware of the approach of the train. In such a case failure to give the statutory warning of the approach of the train can not be regarded as the proximate cause of the injury sustained by a person having knowledge of the approach of the train." *Central Railroad* v. *Brinson,* 70 *Ga.* 207; *Central of Ga. Ry. Co.* v. *McKey,* 13 *Ga. App.* 477 (3) (79 S. E. 378). See also *Chandler* v. *Pollard,* 64 *Ga. App.* 122, 127 (12 S. E. 2d, 190).

■ The present suit is one for simple negligence, and the petition, when construed on demurrer, clearly shows that the plaintiff could have avoided the consequences of the defendant's alleged negligence by the exercise of ordinary care; and consequently he is not entitled to recover. And this is true in this case, regardless of whether the plaintiff be classed as a trespasser or licensee of the defendant company. *Dodson* v. *Southern Ry. Co.,* supra; *Southern Ry. Co.* v. *Lomax,* supra; *Pollard* v. *Reid,* 56 *Ga. App.* 594 (193 S. E. 370); *Thornton* v. *Southern Ry. Co.,* 71 *Ga. App.* 530 (31 S. E. 2d, 189).

■ The court did not err in sustaining the defendant's general demurrer and dismissing the action.

*Judgment affirmed. Felton and Parker, JJ., concur.*