## 21721. ROGERS INCORPORATED v. SUTTON.

LUKE, J. 1. Where municipal ordinances are introduced in evidence without objection, and no question as to their validity has been regularly submitted to and considered by the trial court, no such question can properly be raised in grounds of a motion for a new trial.

2. In an action for damages for personal injuries from a collision between an automobile in which the plaintiff was riding as a passenger and an unlighted truck "double-parked" upon a public street on a dark evening, the trial judge having erroneously (though doubtless inadvertently), in the portion of his charge respecting the doctrine of comparative negligence, instructed the jury: "if you believe from the evidence that Moon [the driver of the car in which the plaintiff was riding] or the plaintiff was guilty of some negligence, and that their negligence was greater than that of the defendant—if you believe that the defendant was negligent, and if you further believe that by the exercise of ordinary care the plaintiff or Moon could not have avoided the consequences of defendant's negligence, if any, . . . this negligence on the part of Moon or the plaintiff would not prevent a recovery of damages in this case, but would authorize a reduced recovery of damages in favor of the plaintiff, and your verdict should reduce the amount of damages that would have otherwise been awarded, in proportion to the amount of default attributable to Moon or the plaintiff," the verdict and judgment in favor of the plaintiff must be reversed and set aside, and a new trial awarded; this erroneous instruction not having been withdrawn from the jury, or corrected by the court by some direct reference thereto; and this although the erroneous instruction was immediately followed by a correct statement of the doctrine, in the following language: "And you will bear this in mind and apply this principle to the entire charge of the court on the subject of the measure of damages,—that if you believe that either Moon or the plaintiff was guilty of some negligence, but less negligent than the defendant, if you believe the defendant was negligent, and could not by the exercise of ordinary care have avoided the consequences of the defendant's negligence, that then the amount of the recovery should be reduced down to such an amount as would be proportionate to the amount of default attributable to Moon or the plaintiff." *Savannah, Florida & Western Ry. Co.* v. *Hatcher,* 118 *Ga.* 273 (45 S. E. 239); *Morris* v. *Warlick,* 118 *Ga.* 421 (45 S. E. 407); *Brown* v. *Kendrick,* 163 *Ga.* 149, 161 (135 S. E. 721); *Benton* v. *Benton,* 164 *Ga.* 541, 549 (139 S. E. 68); *A. C. L. R. Co.* v. *Andrews,* 20 *Ga. App.* 605 (93 S. E. 261).

3. A new trial being now awarded upon the second special ground of the motion for a new trial, an extraordinary motion for a new trial which raises no question that will probably arise upon another trial of the same action will not be passed upon by this court.

4. Since the judgment has been reversed upon a special ground, the general grounds and amplifications thereof will not be considered.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED DECEMBER 15, 1931. REHEARING DENIED JANUARY 12, 1932.

McDaniel, Neely & Marshall, T. M. Stubbs, for plaintiff in error.
Dillon, Calhoun & Dillon, S. G. Gilbreath Jr., Ralph R. Quillian, contra.