HENDRICKS *v.* ROGERS.

No. 8288. FEBRUARY 18, 1932.

*Fulwood, Forrester & Fulwood,* for plaintiff in error.

*Rogers & Rogers* and *Smith & Ferguson,* contra.

HILL, J. An execution issued from Tift superior court on April 3, 1922, in favor of D. L. Rogers against Cassie and Warren Gibbs. On March 11, 1925, the execution was levied upon described property in the City of Tifton, as the property of the defendants in fi fa., being the property in controversy. R. A. Hendricks filed a claim on March 27, 1925. The trial of this claim case came on at the July term, 1925, of Tift superior court. There was pending in the same court at the same time the case of Security Mutual Paint and Varnish Company *v.* Cassie and Warren Gibbs, an execution having been levied on the property in controversy in favor of the Paint Company, and a claim having been filed in that case by R. A. Hendricks. The same issue was involved in each case, viz., whether or not the property levied upon,

which was claimed in each case by R. A. Hendricks, was subject to levy and sale. An agreement was entered into between the parties, as follows: "By agreement this case is to be determined by the finding in case No. 1208, being that of the Security Mutual Paint & Varnish Co. v. Mrs. Cassie Gibbs and Warren Gibbs, defendants, and R. A. Hendricks, claimant." The jury in the trial of the case of the Security Mutual Paint & Varnish Company found a verdict subjecting the property to the execution; and a similar judgment was taken in the case of Rogers v. Gibbs, and Hendricks, claimant. At the same term of court, on July 7, 1925, R. A. Hendricks filed a motion for new trial in the case of Security Mutual Paint & Varnish Co. This motion was pending until June 30, 1926, when a new trial was granted upon the payment of $150 by R. A. Hendricks, with the agreement on the part of the paint company for a consent verdict finding the property in that case not subject. The property in the case of Rogers v. Cassie Gibbs and Warren Gibbs, and R. A. Hendricks, claimant, was readvertised for sale, and R. A. Hendricks filed another claim thereto, which is the claim case now under consideration. The court submitted to the jury the entire case, including the agreement between the parties with reference to the verdict and judgment in the paint company case as being controlling in the case of Rogers v. Gibbs, Hendricks, claimant. The jury found the property subject in the present case. R. A. Hendricks filed a motion for new trial, which was overruled, and he excepted.

Ground 1 of the amendment to the motion for new trial is as follows: "Movant contends that the following material evidence was illegally admitted to the jury by the court over the objection of movant, to wit: Original fi fa., dated April 3, 1922, in the case of D. L. Rogers against Mrs. Cassie Gibbs and Warren Gibbs, based on a judgment dated April 3, 1922, and recorded on the general execution docket of Tift superior court on April 3, 1922, the same being levied on one city lot, being lot number one of Tifton, Tift County, State of Georgia, in block number two hundred and one, fronting east on Mill Avenue, and South on Sixth Street, on which is built one six-room, single-story, frame building, said property being levied on as the property of Mrs. Cassie Gibbs, and in her possession on the date of the levy; and the tenant in possession notified in writing as required by law. This 11th day of March,

1925, J. O. Thrasher, Sheriff, Tift County, Georgia. Said execution containing on the back thereof an entry of a prior levy, a copy of which is as follows, to wit: 'I have this day levied the within execution on the property hereinafter described as the property of Mrs. Cassie Gibbs: one gray horse mule, wt. about 900 lbs., named Jake; one dark bay mare mule named Ada, wt. about 950; one dark bay horse mule, wt. about 950 named Prince; one black mare mule named Pet, wt. about 850; one black mare mule named Mat, wt. about 850 pounds; one-half undivided interest in about 40 acres in corn; also one-half interest undivided in about 18 acres in cotton; about 500 lbs. seed-cotton in field; also one half of about 34 acres in peanut hay. Said property levied on as the property of Mrs. Cassie Gibbs.' Movant objected to the admission of said evidence at the time the same was offered, and did then and there urge the following grounds of objection, to wit: Claimant objects to the execution with the entry thereon, upon the ground that there appears upon said execution a levy as of the 4th of September, 1922, which said prior levy is unaccounted for and unexplained. The court, upon the trial of said case, overruled the objection, to which action in overruling said objection and admitting said evidence movant contended and now contends that the same was error." The question presented by this assignment of error was precluded by the agreement that the present case was to be determined by the finding in the Security Mutual Paint & Varnish Co. case. The fi. fa. was admissible over the objection urged. The agreement was an admission that the fi. fa. had never been satisfied. Furthermore, the explanation was good that the defendant had given a forthcoming bond and had taken possession of the property, and the money was never made out of the personal property by the plaintiff in fi. fa.

■ Ground two of the amendment to the motion for new trial is as follows: "Movant contends that the following material evidence was illegally admitted to the jury by the court over the objection of movant, to wit: The original claim affidavit and bond, filed by R. A. Hendricks on March 27, 1925, said claim being a claim to the property in question, together with the entry thereon of the verdict found upon the trial of said case, which verdict was as follows: 'We, the jury, find the property subject. S. A. Martin, Foreman.' For a clear understanding of the error complained of,

it was contended by the plaintiff, D. L. Rogers, that there was pending in Tift superior court a certain claim wherein Security Mutual Paint & Varnish Company was plaintiff, Cassie Gibbs was defendant, and R. A. Hendricks was claimant, said suit involving the same issue as was involved in the original claim filed by R. A. Hendricks to the property levied on in the present case, and that there was an agreement between all parties that the Security Mutual Paint & Varnish Company case alone was to be tried, and the finding in that case was to determine the case of D. L. Rogers, plaintiff, against Cassie Gibbs, defendant, and R. A. Hendricks, claimant; plaintiff in this case further contending that this case was concluded by the original verdict aforesaid. It was contended by claimant that a motion for a new trial was filed in the said Security Mutual Paint & Varnish Company case, was granted, and that the final verdict was a verdict finding the property not subject. Upon the docket of the superior court was the following entry: 'Verdict finding the property subject. July 7, 1925. Filed in office, January 26, 1925.' Movant objected to the admission of such evidence at the time the same was offered, and did then and there urge the following grounds of objection, to wit: 'We object to the claim affidavit and bond, upon the ground that it is irrelevant and immaterial and throws no light upon the transaction, and upon the further ground that as the court takes judicial cognizance of all pending suits and records it will be necessary to introduce the entry upon the docket of this court, showing the terms and agreement upon which this case has been disposed of.' Movant contends that the entry upon the docket being in the nature of the minutes and fixing the terms of the agreement, by which the case of D. L. Rogers against Cassie Gibbs, defendant, and R. A. Hendricks, claimant, should have been construed by the court; and that the original claim would have been irrelevant and immaterial without showing the entire transaction and agreement as evidenced by the entry upon the docket upon which said verdict was taken. The court overruled said objection, and movant assigns same at error." The admission of the evidence was not error for any reason assigned. It was necessary to show the first claim and the verdict finding the property subject under the agreement; and if the verdict was found in the first case, it should be entered in the second case. The settlement by Hendricks in the

Paint Company case did not get rid of the verdict and judgment in the present case.

■ Ground 3 of the amendment to the motion for new trial is as follows: "Movant contends that the following material evidence was illegally admitted by the court over the objection of movant, to wit: The judgment of the court dated July 7, 1925, reading as follows: 'The jury in this case having returned the following verdict: "We, the jury, find the property .subject. S. A. Martin, Foreman, July 7, 1925," it is therefore considered and adjudged that the property is subject to the levy, and it is ordered that the levy proceed. The costs of this proceeding are taxed against the defendant. This July 7, 1925. R. Eve, Judge superior court, Tift Judicial Circuit.' Movant objected to the admission of such evidence at the time same was offered, and did then and there urge the following grounds of objection, to wit: 'We object to the judgment on the ground that it is irrelevant and immaterial, and on the further ground that it will be necessary to introduce the entry of the docket showing the agreement upon which said judgment was taken, before allowing the introduction of the judgment so taken.' The objection so made was then and there overruled, and movant now contends that the action of the court in overruling said objection and allowing said evidence to be admitted was error." For the reasons given in the preceding division of this opinion the evidence complained of was properly admitted.

■ Ground 4 of the amendment to the motion for new trial is as follows: "Movant contends that the following material evidence offered by movant was illegally withheld from the jury against the demand of movant, to wit: 'Q. Under what circumstances was this deed [referring to the deed made by Cassie Gibbs to R. A. Hendricks, the claimant in this. case, to the property in question on the 5th day of November, 1921] executed, Mr. Hendricks? A. Well, Mrs. Gibbs came to me to sell this property, and I thought at that time that it was a good piece of property, and I offered her twenty-five hundred dollars for it, and she agreed to accept it; but this property, or so she claimed, was either gotten from her father's estate, or from the proceeds of her father's estate, and she wanted an option of rebuying it,' counsel for the plaintiff having made the objection that it was irrelevant and immaterial. Movant contends that the same was material and should

have been allowed as a circumstance showing good faith on the part of R. A. Hendricks in purchasing said property, and was material as throwing light on the purchase of said property by said R. A. Hendricks from Mrs. Cassie Gibbs, in that it explained the necessity of the second deed. Movant now contends that same was error by the court." It was not error to exclude the foregoing evidence, for the reason that even if the evidence was admissible to show that the claim had been tried separately and apart from the Paint Company case, yet under the agreement it was irrelevant under the issues made, unless the verdict and judgment in the Paint Company case was set aside by judgment of the court.

■ Ground 5 of the amendment to the motion for new trial is as follows: "Movant contends that the following material evidence was illegally admitted to the jury by the court over the objection of movant, to wit: four certain claims of liens by the persons hereinafter named, for material furnished by Mrs. Cassie Gibbs for the improvement of the house located on the premises in dispute, the said claims of lien being filed in the office of the clerk of Tift superior court, as follows: 1. Claim of lien by Bennett Hardware Inc., against Mrs. Cassie Gibbs, dated April 28, 1922, for material furnished on the house and property levied on, recorded in Book 8, page 371, of the records of Tift superior court. 2. Claim of lien of C. B. Burke against Mrs. Cassie Gibbs, dated March 23, 1922, and recorded in Book 8, page 339, of the records of Tift superior court. 3. Claim of lien by Golden Hardware Company against Mrs. Cassie Gibbs, dated February 24, 1922, and recorded. 4. Claim of lien of J. F. Mims against Mrs. Cassie Gibbs, dated February 24, 1922, and recorded. Movant objected to the admission of each and every one of said claims for liens, at the time same was offered, and did then and there urge the following objection thereto: 'We object to said evidence on the ground that it is irrelevant and immaterial; because there was a judgment of this court finding the property not subject to each of said liens; that there has been no evidence introduced that the material claimed to have been furnished by the respective parties was under a contract with Mrs. Gibbs, or by her authority; that there was no proof offered that the material was actually furnished; that the same are mere claims for liens, and have the effect only of hearsay.' Movant contends that each and every one of said ob-

jections was good, and that the evidence was objectionable upon each and every ground, and that the court erred in overruling said objection; and movant now contends that the same was error." Without passing upon the question whether these liens were improperly admitted by the court, we are of the opinion that their admission was harmless, the issue in the case being, under the agreement, whether the judgment finding the property subject in the Paint Company case was conclusive in the Rogers case; and even if this issue should be found against the claimant, the admission of these claims worked no harm to the claimant.

■ Ground 6 of the amendment to the motion for new trial is as follows: "Movant contends that during the progress of the trial that movant moved the court to rule out the following material evidence introduced by the adverse parties.: R. D. Smith, Henry D. Webb, and D. L. Rogers gave parol testimony as to the purported agreement between R. A. Hendricks and D. L. Rogers, undertaking to fix the terms of the agreement under which the verdict in the case of Security Mutual Paint & Varnish Company, plaintiff, against Mrs. Cassie Gibbs, defendant, and R. A. Hendricks, claimant, was to affect the verdict to be taken in the case of D. L. Rogers, plaintiff, against Mrs. Cassie Gibbs, defendant, R. A. Hendricks, claimant. Evidence was introduced in said case showing that a motion for new trial was filed in the case of Security Mutual Paint & Varnish Company against Mrs. Cassie Gibbs, defendant, R. A. Hendricks, claimant; that the motion for new trial was granted, and that a final verdict and judgment was rendered in said case, finding said property not subject. The following entry by the judge during the progress of the trial of said case was introduced as evidence: 'By agreement this case is to be determined by finding in case number 1208, being that of Security Mutual Paint & Varnish Company against Mrs. Cassie Gibbs and Warren Gibbs, defendants, and R. A. Hendricks, claimant.' Movant made a motion to rule out the parol testimony of R. D. Smith, Henry D. Webb, and D. L. Rogers, aforesaid, upon the following grounds, to wit: 'We move to rule out all of the parol testimony of the witnesses R. D. Smith, Henry D. Webb, and D. L. Rogers, relative to the terms upon which the original verdict and judgment in the present case, on the ground that there is an entry of the court fixing the terms of the agreement, and on the

further ground that it is irrelevant and immaterial, and that it undertakes to vary, alter, and change the written entry by the court, which fixed the terms upon which said verdict was taken in said case.' Movant now contends that said entry was in the nature of the minutes of the court, should have been construed by the court, and that it was a question to be determined by the court as to its effect in the case at bar; and that as a matter of law it had the effect of making the case at bar dependent upon the final outcome of the case of the Security Mutual Paint & Varnish Company against Mrs. Cassie Gibbs, defendant, R. A. Hendricks, claimant; that the final outcome in said case under the final verdict and judgment in said case was that the property was found not subject. Movant now contends that the court erred in overruling said motion and in refusing to rule out the testimony aforesaid." This ground of the motion does not set forth the evidence or its substance, and is too general to raise a question for decision.

■ Ground 7 of the amendment to the motion for new trial is as follows: "Movant now contends that the court erred in charging the jury as follows, to wit: 'Ordinarily it rests upon the plaintiff in fi. fa. to make out the case and show by a preponderance of the testimony his right to recover in the action; but this being a claim case, and no traverse to the return of the officer showing the property to have been in possession of the defendants at the time of the levy having been filed, the burden is on the claimant to satisfy the jury by a preponderance of the evidence that it is his property and not the property of the defendants in fi. fa.' Movant contends that such charge was error, in that it did not state the correct principle of law, the correct principle of law being that since the entry of levy recited that Mrs. Cassie Gibbs was in possession of the property that the burden of proof would be upon the claimant primarily, and in the first instance, to make out what the law calls a prima facie case, and to show by a preponderance of evidence and to the satisfaction of the jury that the title to the property in question was in him, and that he had the right to recover. However, upon the introduction of a deed and upon proof of its execution, the burden was carried by the claimant, and that upon the introduction of said deed, the burden then shifted to the plaintiff to show by preponderance of the evidence that said deed was not a good and valid deed. Such charge was error in that no in-

struction was given to the jury in said case which provided for the shifting of burden to the plaintiff upon proof of a good and valid deed." This charge was substantially correct. The criticism that the judge should have given another charge in connection with a correct charge is not a good ground of criticism. *Powers* v. *State,* 138 *Ga.* 624 (4) (75 S. E. 651).

■ ■ Grounds 8 and 9 of the amendment to the motion for new trial complain of the following charges of the court: "Now, as you enter into a consideration of the merits of the case, bear in mind the instructions previously given you that the burden rests upon the claimant to make out his case by a preponderance of the testimony." "Now, as to the matter of the deed or conveyance, it is not necessary to enter a deed upon the records in order to make it valid. If the property is bought in good faith and paid for, it is not necessary that the deed be entered upon the records. Of course, in determining the good faith of any transaction, the jury may consider the failure to record a paper, as part of the evidence to determine the matter of good faith in a bona fide transaction as is alleged in this case." These excerpts from the charge are not erroneous for any reason assigned.

■ The evidence authorized the verdict. The agreement set out in the statement of facts and entered upon the judge's docket, properly construed, is that if there was a finding in the Paint Company case subjecting the property levied upon in that case, the same verdict and judgment should be entered in the Rogers case. This was done. It may be that if the plaintiff moved for a new trial and that was granted upon its merits, that would entitle the claimant to have the judgment subjecting the land to the execution of Rogers set aside; but he would have to set aside the judgment first; otherwise it would still be an outstanding judgment subjecting the property. If it be true that in the Paint Company case the claimant paid $150 to settle the judgment subjecting the property levied upon, and did not have the judgment set aside upon some error of law committed by the court in the trial of the case, that alone would not entitle the claimant to have the judgment in favor of Rogers set aside.

After reviewing the entire record and the rulings of the court complained of, we are satisfied that the court below did not commit any error requiring the grant of a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*