## WOOTEN *v.* MORRIS.

No. 8737.   AUGUST 10, 1932.

*William E. Mann* and *W. Gordon Mann,* for plaintiff in error.
*James H. Anderson,* contra.

BECK, P. J.   Hugh F. Morris brought his petition against A. T. Wooten, alleging in substance that petitioner was the owner of east half of land lot 34 in the 28th district, third section, of Catoosa County, except portions of the lot which had been previously sold to others and about which there was no controversy.   It was alleged that Wooten, the defendant, was the owner of lot 33 situated immediately east of lot 34; that the defendant had encroached upon and was cutting timber from the land belonging to petitioner; that the line between the parties had long been established, and the petitioner had enjoyed the open, adverse, notorious, and peaceable possession up to the line claimed by him for more than twenty years. The defendant denied the essential allegations of the petition. The jury trying the case returned a verdict for the plaintiff.   Whereupon the defendant made a motion for a new trial, which was overruled.

The original motion for new trial contains the usual general grounds.   An amendment containing four additional grounds was duly filed and allowed.   The court charged the jury, in part, as follows:   "So, gentlemen, as to whether or not you will recognize the black-gum tree, or whether or not recognize the post-oak tree, as standing on the line, is for you to determine under the evidence

in this case. So you can find in favor of the post-oak tree, or you can find in favor of the black-gum tree, and the court will do the rest." This charge was error. It tended to confuse the jury, and it narrowed too much one of the controlling issues in the case. The concluding sentence in this charge is, "You can find in favor of the post-oak tree, or you can find in favor of the black-gum tree, and the court will do the rest." It is true that a finding "in favor of the black-gum tree" might have established the line as contended by the plaintiff, but a finding "in favor of the post-oak tree," that is, a finding that a post-oak tree was on the line, would in no way have fixed the line in favor of either party. The plaintiff himself testified in part as follows: "On the original plat to lot 33 there is a cherry tree shown there, and there is a black-gum tree shown there. I know where that cherry tree is located. That cherry tree is supposed to be forty chains away from this corner, my corner, with Mr. Wooten; lot 33 lies east of me. That cherry tree is still standing; at least it was the other day. I notice on that plat that a post-oak tree is on the north and south line between myself and Mr. Wooten, but how far is that from . . The scale to that plat is twenty chains to the inch, and that is not quite half an inch." It would seem from this that there is an oak tree standing on the line for which the plaintiff himself contends, just as the defendant in the case contends that the oak tree marks the line; and the finding that this oak tree is on the line would by no means settle the controversy between the two parties.

■ The ruling stated in the second headnote requires no elaboration.

■ Error is assigned upon the following charge of the court: "And in so far as the defendant in this case prays for affirmative relief, or prays for his location of the line, the burden is upon him to prove that location by a preponderance of the evidence." This charge was error. The plaintiff relies upon the establishment of a line described in his pleadings, and affirms in the pleadings that this is the true line between the parties. The burden of proof was upon the party affirming the fact as to the true line. The defendant's answer denied the facts alleged by the plaintiff, but by amendment added the following prayer: "Defendant prays that the line between plaintiff and defendant be established as follows: beginning 164 feet west of a black-gum tree referred to in the petition, thence

south to a post-oak tree on a line forty chains from the eastern boundary of lot 33, thence south to the north end of a certain turnrow that exists between the parties in this case." But a finding in favor of the defendant did not depend upon his establishing a particular line. The plaintiff asserts that a line described in his petition is the true line, and the burden was upon him to establish that as the true line, in order that the jury might find for him under the pleadings and evidence in the case. There was no shifting of the burden merely by the fact that the defendant added to his answer the prayer which we have quoted.

In the last ground of the motion error is assigned upon the refusal of the court to give in charge to the jury the following, on written request duly submitted to the court: "I charge you that there is no dispute under the evidence in this case as to a turnrow being an established line between lots 33 and 34 in the south portion of the boundary between 33 and 34, which runs north and south, and whatever line you find will have the north end of the turnrow as a terminus in the south. If you find from the evidence in this case that the post-oak is a true ancient landmark or monument, then you will find a line from said post-oak to the north end of the turnrow referred to in the evidence, and then it will be necessary for you to determine from the evidence where the corner is located in the north. If you find the old black-gum to have been the true corner, you will find a line from said black-gum to said post-oak, if you find it to be a true line tree, and that would be the boundary line between the parties, you would find. If you should find that the true north corner is a point 164 feet west of said black-gum, then you would find a line from such point to said post-oak, if you find that the post-oak is a true monument, and thence to said turnrow." The refusal of this request was error. In the trial of a case a party may make a written request to charge the jury at any time before the jury retire to consider their verdict; and if the charge requested in writing is on a material point and is pertinent, it should be given in the language requested, and a refusal to give it in the language requested is ground for the grant of a new trial. Civil Code, § 6084. We think that this requested charge was pertinent and legal, and adapted to one of the theories of the plaintiff as made by the evidence in the case, and it was not sufficiently

covered in any other part of the charge, and the defendant was entitled to have it given in the exact language requested.

*Judgment reversed. All the Justices concur.*