## 25987. MANER v. DYKES.

DECIDED FEBRUARY 20, 1937. REHEARING DENIED MARCH 11, 1937.

M. B. *Eubanks, Wright & Covington,* for plaintiff.

F. M. *Gleason, Maddox, Matthews & Owens,* for defendant.

GUERRY, J.   Maner operated a motor-truck line for the carriage of freight in interstate and intrastate commerce, under certificate and license of the Public-Service Commission of Georgia, giving him authority so to do.   About 7 :30 p. m. on May 5, 1934, on a public highway in this State, there was a collision between one of Maner's motor trucks and Dyke's automobile, which resulted in damage to the truck and the automobile and personal injury to Dykes.   Thereupon Maner filed his suit for damages against Dykes, setting up that the collision was caused by the negligence of Dykes in attempting to pass an automobile directly in front of him, at an unlawful speed, and while such car was in the act of meeting and passing by the plaintiff's truck.   The defendant filed his answer denying liability, and setting up that the wreck was caused by the negligence of the driver of the plaintiff's truck in operating it, and by reason of the insufficient or improper lights thereon.   The defendant also filed his cross-action, claiming damages on account of personal injuries received by him in said wreck, and for the damage done to his car, alleging that the wreck was caused by the negligent operation of plaintiff's truck, and because said truck had a wide body that extended over on defendant's side of the road, and did not have the lights required by law and by rule 62e of the Public-Service Commission.   The defendant contended that the operation of the plaintiff's truck at a speed in violation of the law, and the plaintiff's violation of the rule of the Public-Service Commission, constituted negligence per se.   The jury returned a verdict in the defendant's favor on the cross-action.   The plaintiff's motion for new trial was overruled, and he excepted.

1.   In their brief in this court counsel for the plaintiff state, "We do not insist upon the general grounds of the original motion for new trial," and this constitutes an express abandonment of these assignments of error.   That the verdict was authorized by the evidence is therefore admitted by the plaintiff.

2.   The court did not err in excluding from evidence the following question and the answer thereto of the driver of the plaintiff's truck, on direct examination, in reference to the headlights on the car directly in front of the defendant's automobile, and

which was meeting the truck, shining upon plaintiff's truck as it approached it, so that the "truck, the cowl, body and all" could be seen by these lights "just like any other car:" "Would that illuminate the freight truck where anybody could see it was a freight truck?" "Yes, sir." This excluded evidence was speculative and conjectural, the witness being the driver of the truck and enclosed in the cab thereof, and his testimony that the lights of the car he was meeting illuminated the truck body to his side and rear so that anybody could tell it was a freight truck was purely opinionative, speculative, and not admissible.

3. The judge properly admitted in evidence rule 62e of the Public-Service Commission, relative to the lighting of motor-trucks used for carrying freight for hire over the highways of this State, such trucks being subject to the supervisory regulation of the commission, and the defendant having pleaded such rule and set up a violation thereof by the plaintiff as one of the grounds of negligence in the cross-action. Said rule was relevant and material to the issues made by the pleadings. There was evidence tending to show that the plaintiff had violated or failed to comply with such regulation or rule.

(a) Such rule of the Public-Service Commission was not beyond its authority to promulgate (Code, §§ 68-603, 68-627, 68-629), and was not an unlawful delegation of authority on the part of the legislature of this State to the Public-Service Commission. Neither was said rule in conflict with and a violation of the provisions of article 3, section 1, paragraph 1 of the constitution of this State, which provides that "The legislative power of the State shall be vested in a General Assembly, which shall consist of a Senate and House of Representatives." Code, § 2-1201; *Southern Ry. Co.* v. *Melton,* 133 *Ga.* 277 (65 S. E. 665).

(b) The Public-Service Commission is given authority to regulate the business of carrying freight for hire over the highways of this State. Code, § 68-603. The above rule of the commission was made and adopted by it pursuant to and in accordance with the provisions of the motor common-carrier act of 1931 (Ga. L. 1931, 199; Code, §§ 68-601 et seq.). This law is full and comprehensive in its terms, and leaves to the commission the working out of the details, which the commission has done by the pas-

sage of rules in compliance therewith. Said act declares that "The commission shall have the authority to promulgate rules designed to promote safety, and any such safety rules promulgated or deemed necessary by such commission shall include the following: (a) Every motor unit and all parts thereof shall be maintained in a safe condition at all times. And the lights and brakes and equipment shall meet such safety requirements as the commission shall from time to time promulgate." Code, § 68-627. "The commission is hereby authorized to adopt such rules and orders as it may deem necessary in the enforcement of the provisions of this act. Such rules and orders so approved by the commission shall have the same dignity and standing as if such rules and orders were specifically provided in this act." § 68-629.

(c) The legislature having given to the Public-Service Commission regulatory supervision, as provided in the acts relating thereto, over motor-truck freight transportation for hire by common carriers, and the legislature having power to regulate the operation of motor trucks over the highways of this State, it could enact such laws regulating speed, size, brakes, lights, etc., of such vehicles as tended to promote the general safety of the public in the use of the highways of this State by such vehicles. The legislature could designate the Public-Service Commission to act for it in seeing that public-service motor vehicles conformed to the regulatory laws applicable to them, leaving to that body the working out of the minor details regarding such regulations. "The constitution makes the General Assembly the legislative body of the State, and it can not delegate its general legislative powers. Nevertheless it may confer upon administrative bodies quasi-legislative functions which it itself might perform, but could not so adequately perform directly as it could by delegating them." *Zuber* v. *Southern Ry. Co.,* 9 *Ga. App.* 539, 544 (71 S. E. 937). See also *Horne* v. *State,* 170 *Ga.* 638 (2) (153 S. E. 749); *Green* v. *Atlanta,* 162 *Ga.* 641, 647 (135 S. E. 84); *Aultman* v. *Hodge,* 150 *Ga.* 370 (104 S. E. 1).

(d) The Public-Service Commission may not enact laws such as may be classified as a "law of the State of Georgia," within the meaning of the constitutional amendment of 1916 (Ga. L. 1916, p. 19, Code, §§ 2-3005, 2-3009), defining the jurisdiction of the Supreme Court. See *Maner* v. *Dykes,* 183. *Ga.* 118 (187

S. E. 699). However, it may pass rules and regulations pursuant to legislative authority, which rules have the force and effect of law. So, too, the legislature may give to a municipal corporation power and authority to enact ordinances, which ordinances, while not a law of this State, have the force and effect of law, the same as a rule of a Public-Service Commission. See, in this connection, *Maner* v. *Dykes*, supra. It follows, since a violation of a municipal ordinance is negligence per se (*Central Railway Co.* v. *Bond*, 111 *Ga.* 13 (7), 36 S. E. 299), that the violation of a valid rule of the Public-Service Commission is likewise negligence per se, if it was passed for the benefit of the party complaining of its infraction and was the proximate cause of his injury. *Bowen* v. *Smith-Hall Grocery Co.*, 141 *Ga.* 721 (82 S. E. 23, L. R. A. 1915D, 617). The court did not err in charging the jury that the violation of rule 62e of the Public-Service Commission would be negligence per se, if it was the proximate cause of the injury.

4. The judge, having prefaced the charge complained of in the sixth ground of the motion for new trial with the statement that he was "speaking now with reference to plaintiff's petition," did not err in charging the jury that "if you find . . that both the driver of plaintiff's truck and the defendant were each guilty of some acts of negligence, and that their degree of negligence was equal, you still could not find for the plaintiff, but would be required, as a matter of law, to find a verdict for the defendant." This instruction, under these circumstances, did not direct the jury to find, or demand a finding, of some amount of damages in defendant's favor on the cross-bill in this case.

5. The excerpt from the charge of the court, complained of in the 7th ground of the motion for new trial, that "if you find that the plaintiff, by the exercise of ordinary care and diligence, that is the plaintiff's truck-driver, Brewer, could have avoided the consequences of this collision, and that the collision was the proximate result of the negligence of the driver of the plaintiff, and that the driver of the plaintiff's truck was without that care which the court gave you in charge at the outset dealing with ordinary care, then the plaintiff could not recover; or if you find that the degree of negligence of the plaintiff's driver of this truck was equal to or greater than that of the defendant, then you could

not find for the plaintiff," was not confusing and misleading to the jury, but stated correct law applicable to this case. See Code, § 105-603. Under the comparative-negligence rule prevailing in this State, if the negligence of the parties was equal, the plaintiff could not recover on his main petition nor could the defendant prevail on the cross-action. The statement that if the jury found that the plaintiff's truck-driver, by the exercise of ordinary care and diligence, could have avoided the consequences of this collision, the plaintiff could not recover, in effect was to charge the jury that if the plaintiff's driver, by the exercise of ordinary care and diligence on his part for his own safety, could have avoided the consequences of defendant's negligence, the plaintiff could not recover, such duty on the part of the plaintiff's driver to use ordinary care to avoid defendant's negligence not arising until discovery thereof, unless the circumstances were such that a reasonable person would apprehend the same.

6. There was no error in instructing the jury that "if you find that the defendant was in the exercise of ordinary care and diligence at the time injury and damage was sustained by him, if he did under the evidence sustain any injury and damage, you look to the evidence and see whether or not the plaintiff in this case, through his driver and agent, were guilty of any act of negligence. If you find that the plaintiff's agents were guilty of negligence, you will see whether such negligence, although they may have been guilty of them, was the proximate cause of the injury and damage suffered by the defendant, if any." Under the charge of the court in this case, as a whole, the jury were sufficiently so instructed as to keep in mind the various and applicable principles of law relative to the plaintiff's petition and the case made thereby, and to the defendant's cross-action and the case set out therein. Said charge was not confusing, and did not tend to mislead the jury. It was favorable to plaintiff; and even were it erroneous, as contended, it would not constitute error as against the plaintiff.

7. In charging on the defendant's cross-action, the court instructed the jury in part that "if the plaintiff failed to exercise ordinary care and diligence, but the negligence of the plaintiff was apparent to or should have been reasonably apprehended by the defendant, and if the defendant, by the exercise of ordinary care on his part could have avoided the consequences to himself

of the plaintiff's negligence, if any," the defendant could not recover. Such charge was not error in that the correct principle of law is that the defendant could not recover on the cross-bill, on account of the plaintiff's negligence, where it was apparent to him or could have been discovered by the exercise of ordinary care on his part, and the charge permitted a recovery by defendant unless plaintiff's negligence was apparent to him and he failed to use ordinary care to prevent injury to himself, or unless the negligence of the plaintiff "should have been reasonably apprehended by the defendant" and he failed to exercise ordinary care to prevent the consequences thereof. The true rule as to the defendant on the cross-action, in this case, would be if the defendant by ordinary care could have avoided the consequences to himself caused by the plaintiff's negligence, where the negligence of the plaintiff was apparent to him or where he could have reasonably apprehended its existence, he is not entitled to recover. There is no substantial difference in the use of the words "negligence of the plaintiff was apparent to or should have been reasonably apprehended by the defendant," and the words "negligence of the plaintiff was apparent to the defendant or the circumstances were such that the existence of such negligence could have been apprehended by the use of ordinary care."

8. It is not a good ground of exception to an excerpt from a charge that the court failed to give in connection therewith another principle of law. *Hendricks* v. *Rogers,* 174 *Ga.* 423 (4) (163 S. E. 204); *Central Ry. Co.* v. *Mann,* 48 *Ga. App.* 668 (3) (173 S. E. 180); *Wood* v. *Collins,* 111 *Ga.* 32, (5) 37 (36 S. E. 423); *L. & N. R. Co.,* v. *Bean,* 49 *Ga. App.* 4, 6 (174 S. E. 209). Therefore the complaint of the plaintiff that in charging the jury as to the alleged negligence of the defendant in attempting to pass an automobile in front of him on the public highway, without ascertaining whether the way in front of him was sufficiently clear of traffic to permit him so to do or not, the judge erred in not charging the jury in connection therewith, or elsewhere in his charge, that for one to drive an automobile over and to the left of the center of the highway, in approaching a vehicle, was a violation of the law of this State and negligence as a matter of law, is not well taken. Furthermore, in the charge as a whole, the jury were adequately instructed that if they found that the collision and

consequent injuries and damages sued for in this case, were proximately caused by and were the direct result of the violation of a State law by either of the parties, plaintiff or defendant, there being a cross-action by the defendant in this case, that would be negligence per se. Also, the plaintiff did not contend in his petition that the defendant drove his automobile to the left of the center of the highway.

9. The charge complained of in grounds 9 and 11, to the effect that if the jury found that the plaintiff's driver, by the exercise of ordinary care and diligence, could have avoided "the consequences," they would find against the plaintiff, was not erroneous because of the use of the words "the consequences," without adding the words "of the defendant's alleged negligence, after it was apparent or should have been apprehended by an ordinarily prudent person." If the plaintiff desired a fuller and more complete instruction on this principle of law, it should have been duly requested. "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." Code, § 105-603. While it is true that no duty to exercise ordinary care arises until the negligence of the defendant becomes apparent, or the ordinary person would apprehend its existence (*Augusta-Aiken Ry. &c. Co.· v. Jones,* 15 *Ga. App.* 93, 82 S. E. 665), a charge that substantially complies with the Code section is sufficient, and it is not error to fail to give the principle as stated in the *Jones* case, supra, in the absence of a special request. *Brown* v. *Athens,* 47 *Ga. App.* 820 (4) (171 S. E. 730), and cit. Furthermore, the charge of the court as a whole sufficiently presented this principle of law to the jury.

10. There being no error of law, and there being no question as to the sufficiency of the evidence to support a verdict in favor of the defendant on his cross-bill, the judge properly overruled the plaintiff's motion for new trial.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*

### ON MOTION FOR REHEARING.

Counsel for the plaintiff urgently insist that the charge of the court, "If you find that plaintiff's driver by the exercise of ordinary care and diligence could have avoided the consequences to himself or his employer, you would find against the plaintiff. If you find, on the other hand, that both the driver of the plaintiff's

truck and the defendant were each guilty of some acts of negligence, and that their degree of negligence was equal, you still could not find for the plaintiff, but would be required as a matter of law to find a verdict for the defendant. And if you find that the defendant was guilty of a greater degree of negligence than the plaintiff, then you would be authorized to find for the plaintiff, but your finding for the plaintiff in that case would be reduced in proportion as the negligence of the defendant bore to the negligence of the plaintiff," complained of in grounds 6 and 7 of the motion for new trial, was confusing and misleading—was a combination of the rule of contributory negligence and the rule of comparative negligence, given in context one with the other, and was therefore error and requires the grant of a new trial. If we concede, for the purpose of this decision, that this charge was error, we do not think that in view of the connection in which it was given, and in view of the verdict, that it was error harmful to the plaintiff. As pointed out in the opinion, this case arose out of an automobile accident between the plaintiff's truck and the defendant's automobile. Maner sued Dykes for damages to his truck, and Dykes filed a cross-action for damages to his car and person. The jury returned a verdict in favor of Dykes on his cross-complaint. Immediately before the charge complained of, and in connection therewith, the court stated: "Now, I charge you further that if you find—I am speaking now with reference to the plaintiff's petition." Then the court proceeded to give the charge complained of. To sustain his position on this motion, the plaintiff cites *Americus, Preston & Lumpkin R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105), *Savannah, Florida & Western Ry. Co.* v. *Halcher,* 118 *Ga.* 273 (45 S. E. 239), and *Rogers Inc.* v. *Sutton,* 44 *Ga. App.* 477 (162 S. E. 519). None of these authorities require a reversal of the present case. In each of those cases, the *plaintiff recovered,* and the *defendant* prosecuted the writ of error to the appellate court, making the same complaint of a charge of the court as that made here, and the court awarded a new trial because the charge given "in effect makes the defendant liable if the jury should find both parties negligent, notwithstanding they might have believed that if the plaintiff had exercised ordinary care she would not have been hurt." *Americus &c. R. Co.* v. *Luckie,* supra. This error, which is alleged to have been com-

mitted in the present case, is necessarily harmful *only* to the defendant in such action; for it allows the plaintiff to recover if both parties were negligent, notwithstanding the jury might have believed that if the plaintiff had exercised ordinary care he would not have been damaged. It could under no theory be harmful to the plaintiff. We are therefore of the opinion that the motion for rehearing is without merit. *Rehearing denied.*