28499. CHANDLER *v.* POLLARD, receiver.

DECIDED DECEMBER 3, 1940. REHEARING DENIED DECEMBER 18, 1940.

*Hewlett & Dennis, Jule Felton, T. F. Bowden,* for plaintiff.

*H. A. Wilkinson, B. F. Neal,* for defendant.

STEPHENS, P. J. ■ The charge to the jury complained of in the first amended ground of the motion for new trial was as follows: "The plaintiff, if entitled to recover, can only recover upon all or some of the specific acts of negligence as alleged in the petition. In other words, however negligent the defendant may have been in other respects, if it was negligent in any other respects, the plaintiff is restricted in her right to recover to the existence of all or some of the acts of negligence alleged by her, and to show you that such acts of negligence or some of them were the proximate cause of the injury complained of." This charge is assigned as error on the ground that it was an instruction to the jury that it would be necessary for the plaintiff in order to recover to establish more than one of the alleged acts of negligence of the defendant as the proximate cause of the injury complained of as alleged in the petition. If the charge so instructed the jury it was error. The plaintiff would have been entitled to recover upon only one act of negligence as alleged in the petition if such negligence was the proximate cause of the injury. While the court did not intend to instruct the jury that in order for the plaintiff to be entitled to recover she would have to recover upon more than one act of negligence alleged in the petition as the proximate cause of the injury, yet the language of the charge might have been construed by the jury as an instruction that in order for the plaintiff to recover it would be necessary for her to establish more than one act of negligence as the proximate cause of the injury. While we do not hold that this charge was error requiring the grant of a new trial, we suggest that upon another trial of the case the court do not charge the jury in the precise language here excepted to.

■ In the second amended ground the plaintiff insists that the court erred in charging the jury (after having given the jury general instructions relatively to the duty of railroad companies to erect blow posts and give certain signals) as follows: "Now to make that provision of law plain to you, that if it should appear to you as a matter of fact, if you should believe as a matter of fact, that in approaching this crossing the railroad company neither blew the whistle nor rang the bell, it not being under the duty

to do both, but under the duty to do one or the other, but if you believe that it failed to do either, and that it failed to keep a vigilant lookout as required by the statute, then it could only defend as against an injury to a person on that crossing by showing either that that person consented to the injury or that that person by the exercise of ordinary care could have avoided the injury, or then in mitigation of damages that the deceased person's negligence contributed to the injury, if you believe such deceased person was negligent." This charge is assigned as error because thereby the court in effect instructed the jury that if the servants of the defendant blew the whistle of the engine on approaching the crossing this would dispense with the necessity of ringing the bell of the engine as the train approached the crossing, which was located within the incorporated limits of Marshallville. The charge here complained of clearly instructed the jury that it was not incumbent on the servants of the defendant to both blow the whistle and ring the bell on approaching this crossing, but that they were under the duty only "to do one or the other."

By statute in this State the engineer of a locomotive is required to signal the approach of his train to a crossing located within the corporate limits of a municipality, by constantly tolling the bell of the locomotive. "Within the corporate limits of cities, towns and villages the said railroad company shall not be required . . to blow the whistle of its locomotives in approaching the crossing or public roads in said corporate limits, but in lieu thereof the engineer of each locomotive shall be required to signal the approach of his train to such crossing in said corporate limits by constantly tolling the bell of said locomotive," etc. Code, § 94-507. Under this law the engineer is required to toll the bell of the locomotive, and specifically is not required to blow the whistle thereof, on approaching a crossing that is within the corporate limits of a city, town or village. The blowing of the whistle alone is not a compliance with these mandatory requirements of such statute as to the "signal of warning" to be given by the engineer of the approach of his train to a crossing in an incorporated city, town or village. See *Elberton &c. R. Co.* v. *Thornton,* 32 *Ga. App.* 259 (3) (122 S. E. 795). The charge complained of in this ground incorrectly stated the law relatively to the duty incumbent on the engineer of a train on approaching a crossing in an incorporated

city, town or village, and was harmful to the plaintiff in that it in effect instructed the jury that the failure to ring the bell was not negligence per se if the engineer blew the whistle, and under the evidence the jury would have been authorized to find that the engineer blew the whistle but did not constantly toll the bell as it was his statutory duty to do in approaching this crossing.

But is it the contention of the defendant that the failure of the engineer to ring the bell, as the train approached this crossing in the City of Marshallville, imposed no liability on the defendant as to the plaintiff, in that her husband, as he approached and entered upon this crossing, was "fully aware," or in the exercise of due care, ought to have been aware, of the approach of this train, and that therefore the failure to give the required statutory warning can not be regarded as the proximate cause of his death? "The failure of the engineer to give the signals required by the statute when approaching a public crossing will not impose liability upon a railroad company to a person upon or near the railroad track who is fully aware of the approach of the train. In such a case failure to give the statutory warning of the approach of the train can not be regarded as the proximate cause of an injury sustained by a person having knowledge of the approach of the train." *Moore* v. *S. A. L. Ry. Co.,* 30 *Ga. App.* 466 (5) (118 S. E. 471). Therefore, if the ringing of the bell would not have been effective, in so far as the plaintiff's husband was concerned, the failure of the engineer to ring the bell on approaching this crossing would not have constituted actionable negligence in a case to recover for the husband's death. *Central of Ga. Ry. Co.* v. *McKey,* 13 *Ga. App.* 477 (79 S. E. 378). This would be the case if the plaintiff's husband had actual knowledge of the approach of the train when he went upon the crossing. If this fact was established conclusively by the evidence or by the plaintiff's admissions in the petition, and there was no issue as to whether the plaintiff's husband had such knowledge when he went upon the track, the alleged error in the above charge would be harmless. But if it can be inferred from the evidence that the plaintiff's husband was not aware of the approach of the train when he attempted to pass over the crossing, this charge was harmful and prejudicial to the plaintiff. Under the evidence such an inference by the jury would have been authorized.

The purpose of such statutory requirement is to notify persons intending to pass over the crossing of the approach of the train. It is fair to assume, in the absence of anything to the contrary, that if the signal required by this statute had been given it would have been heard and heeded by the plaintiff's husband. Under the evidence, the jury would have been authorized to find that no bell was ringing as the locomotive that struck the plaintiff's husband approached this crossing. It can hardly be assumed that the plaintiff's husband would deliberately and voluntarily have hurled himself into almost certain death by proceeding in front of a rapidly moving train. It appeared from the evidence that the plaintiff's husband was traveling in a closed automobile and that rain was falling. It also appeared that the plaintiff's husband was partially deaf. The fact that the plaintiff's husband may have stopped, looked, and listened would not have necessarily established the fact that he was aware of the approach of the train. It was therefore a question for the jury whether or not the plaintiff's husband was aware of the approaching train, or by the exercise of ordinary care should have been aware thereof, and whether or not, if the bell had been tolled it would have been heard by the plaintiff's husband and the warning thus conveyed heeded by him.

But it is insisted by the defendant that the plaintiff's husband was aware of the approach of the train. This contention is based on the fact that it is alleged in paragraph 8 of the petition that the decedent stopped, looked, and listened before going upon the crossing, and therefore that he must necessarily have seen the approaching train, in that the evidence tended, so counsel for the defendant contends, to show that after the plaintiff's husband turned into the road or street, "paralleling the railroad tracks, there were no obstructions to impair his vision and to give him a clear view of the approaching train for a distance of a half mile or more, north and south," and that "he then proceeded to his left and easterly, and after traveling a few feet came on the railroad track and was struck by a train which had come from his left, that is, from behind him." This court does not agree with this contention of the defendant. The jury could have inferred from the evidence that the plaintiff's husband, although as admitted in the petition he did "stop, look, and listen" before proceeding across the crossing, was not aware of the approaching train. Certainly

it is not unreasonable to assume that with knowledge of the approaching train the plaintiff's husband would not have hurled himself in front thereof to almost certain death. See *W. & A. R.* v. *Reed,* 33 *Ga. App.* 396 (126 S. E. 393). In the case of *Reed* v. *Southern Ry. Co.,* 37 *Ga. App.* 550 (140 S. E..921), relied on by the defendant in support of this contention, this court held that if a person, "before attempting to cross the track, actually did stop, look, and listen, and if upon doing so he must necessarily have discovered the approaching train, it would be immaterial whether the railroad company was negligent in that those in charge of the train did not comply with the statutory requirement to give warning of its rapid approach, by blowing the whistle, since such warning could have done no more than apprise him of something he must necessarily have already known." In that case, which was an exception to the grant of a nonsuit, the plaintiff alleged that he had stopped and listened for a train before going upon the crossing where he was injured, and it appeared in that case, as it appears in the present case, that the public road was parallel to the track of the railroad before it turned sharply to cross the track, and that it was so parallel with the track for a distance of half a mile, and that the track was perfectly straight for more than a mile beyond the crossing. However, there was evidence in that case that certain shrubbery and growth along the right of way might have obstructed the view of a person traveling along the public road in the direction in which the plaintiff therein was traveling; and the court reversed the grant of the nonsuit, holding as follows: "It can not be said, with any degree of moral or reasonable certainty, that if the plaintiff in the instant case had stopped, looked, and listened, as he swore he did, before entering upon the crossing, he must necessarily have seen or heard the approaching train. The evidence with reference to the growth of cane and other vegetation along the right of way is somewhat vague. It is not clear how close to the cane the plaintiff was at the time he claims to have stopped to look and listen for the train, but, from the evidence as adduced, if he was then close enough to such obstruction, it could have prevented his seeing the headlight of the rapidly approaching train. . . Under the general rule that questions of negligence, including contributory negligence, questions as to what negligence constitutes the proximate cause of the injury, and

questions as to whether the plaintiff could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence after it had or should have become known, are such as lie peculiarly within the province of the jury to determine, . . this court will not hold, as a matter of law, that the injury to the plaintiff was proximately caused by reason of his lack of ordinary care in entering upon the track as he did."

It does not appear as a matter of law from the evidence in the case, including paragraph 8 of the petition which was introduced by the defendant as an admission in judicio on the part of the plaintiff, that the failure of the engineer to ring the bell as the train approached this crossing did not constitute actionable negligence by reason of the fact that the plaintiff's husband, before entering upon the crossing, stopped, looked, and listened, and must necessarily have discovered the approaching train, and that since such warning could have done no more than apprise him of something he must necessarily have already known, the failure of the engineer to ring the bell would not be actionable negligence, and that the charge above quoted was not prejudicial to the plaintiff. The charge complained of in this ground, under the pleadings and the evidence, was prejudicial to the plaintiff, and requires the grant of a new trial.

■ Error is assigned by the plaintiff in the third amended ground on the failure of the court to charge the jury as follows: "I charge you that if the crossing at which the plaintiff's husband was killed was a public crossing, located within the corporate limits of a city, town or village, the engineer of the defendant's locomotive would be required to signal the approach of the train to such crossing in said corporate limits by constantly tolling the bell of said locomotive and a failure so to do would be negligence per se." From what has been said above it follows that the court erred in failing to so charge.

■ In the fourth amended ground of her motion the plaintiff complains of the following charge: "I charge you, as a matter of law, that if you should believe that the deceased, by the exercise of ordinary care, could have prevented injury to himself resulting from such negligence then this plaintiff could not recover." The error assigned on the above excerpt is that the court did not charge in connection therewith that the duty was not incumbent

on the plaintiff's husband to exercise ordinary care to prevent injury to himself resulting from the defendant's negligence until he became aware of the defendant's negligence, or by the exercise of ordinary care should have known thereof. This charge without the qualification stated may or may not have been error. But since a new trial is granted on other grounds we will only say that on a new trial, if the court gives in charge this principle of law, it would be better to add this qualification thereto.

The evidence did not demand a verdict for the defendant, and the errors of law dealt with above require the grant of a new trial.

*Judgment reversed.   Sutton and Gardner, JJ., concur.   Felton, J., disqualified.*