34442. STATE CONSTRUCTION COMPANY *v.* JOHNSON.

Decided July 16, 1953—Rehearing denied July 28, 1953.

*Y. A. Henderson, John Gregory, Mitchell & Mitchell,* for plaintiff in error.

*Chance & Pope,* contra.

PER CURIAM. Lester W. Johnson sued State Construction Company for damages allegedly resulting from the negligence of the defendant in failing to erect and maintain proper warning signs or barricades on an approach to a bridge which was being constructed by the defendant on a State highway, which failure caused the plaintiff, who was unfamiliar with the highway and who was driving his automobile along said highway at night, to turn his automobile off an embankment on the approach to the bridge in an effort to extricate himself from a "perilous situation," overturning his car and inflicting enumerated injuries. For a more detailed statement of the allegations of the petition and of the contentions of the plaintiff, see the report of this case on its former appearance before this court. *State Construction Co.* v. *Johnson,* 82 *Ga. App.* 698 (62 S. E. 2d 413).

On that appearance of the case this court held, in considering questions raised by the defendant's demurrers, that a "contractor working on public highways and bridges of the State under contract with the State or a political subdivision thereof is not immune to liability for injuries caused by its negligence in the prosecution of the work contracted for"; and held that the petition stated a cause of action based on the defendant's duty to the public to exercise ordinary care to protect it from injuries arising by reason of its construction of the bridge.

On the trial the jury found a verdict for the plaintiff for $2,-750. The defendant assigns error on the denial of its amended motion for new trial and on certain exceptions pendente lite. For convenience of presentation, the special grounds of the motion will not be considered in the order of their numbers.

■ Special ground 2 assigns error on the following charge: "I charge you, gentlemen, that where one is confronted with a sudden emergency, without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation; however, the arising of such emergency does not relieve one of the obligation to exercise ordinary care, but it is merely one of the circumstances which are proper for consid-

eration in determining whether ordinary care has been exercised. He is to be dealt with in the light of his surroundings at that time, and he is not necessarily negligent even though his judgment was wrongly exercised." It is contended that this charge was "erroneous and not sound as an abstract principle of law in that it did not instruct the jury that, if this emergency was brought about by negligence of the one claiming the emergency, then he would not be relieved from exercising ordinary care."

While, ordinarily, it is the duty of the trial judge, if he undertakes to charge the law on a particular subject, to charge all the law thereon, the rule is generally qualified by the phrase "that is applicable." In the instant case, there was no evidence whatsoever that would have authorized a finding that an emergency was created by the plaintiff, and while normally, under the above-stated rule, the failure of the judge to qualify the charge on *emergency* as contended by the plaintiff in error would probably be error, such neglect in this case was at least, under the facts, not harmful error to the defendant. The evidence was: that the plaintiff was driving his automobile along an unfamiliar paved road at night at about 50 miles per hour; that there were no signs or barricades to warn the plaintiff or to put him on notice of anything unusual; that the approach to the bridge appeared to be merely a continuation of the highway along which he was traveling; that the first he realized anything was wrong was when his wheels began to vibrate; that he realized that he possibly was in danger and in a place where he ought not to be; and that he quickly looked about, saw the old road or the detour to his left, and down an embankment and almost simultaneously turned his automobile down the embankment in an effort to get back on the proper roadway. He testified that his headlights were normal and enabled him to see from 175 to 325 feet ahead, that his brakes were in good working order and would have stopped his car within 150 feet while traveling at 50 miles per hour, but that he didn't know whether he used them or attempted to stop. This evidence was not refuted and was the only evidence bearing on the question of emergency or that tended to show how the injury occurred. It was not sufficient to authorize even an inference that the plaintiff created the emergency if such a situation arose, and for this reason, at least, the

failure of the trial judge to charge as contended in the second special ground was not error. For cases discussing the doctrine of emergency generally, see *Pacetti* v. *Central of Ga. Ry. Co.*, 6 *Ga. App.* 97 (64 S. E. 302); *Cone* v. *Davis*, 66 *Ga. App.* 229 (17 S. E. 2d 849); *Morrow* v. *Southeastern Stages*, 68 *Ga. App.* 142 (22 S. E. 2d 336); *Doyle* v. *Dyer*, 77 *Ga. App.* 266 (48 S. E. 2d 488).

■ Special ground 3 assigns error on the refusal of the court to give the following charge: "I give you in charge section 105-603 of the Civil Code of Georgia, which is as follows: 'If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover; in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injuries sustained.' Therefore, I charge you that if you find from the evidence in this case that the plaintiff could have by the exercise of ordinary care discovered any negligence that the defendant might have been guilty of, and if after the discovery of this negligence or if in the exercise of ordinary care the plaintiff should have discovered this negligence, and after discovering the same could have by the exercise of ordinary care avoided the consequences to himself caused by the defendant's negligence, then the plaintiff would not be entitled to recover and your verdict should be for the defendant."

The charge of the court included the following in this regard: "If you find from the evidence that the injuries sustained by this plaintiff were caused by the plaintiff's failure to exercise ordinary care, then he would not be entitled to recover any sum whatever. You will look to the evidence, and if you find from the evidence the plaintiff was wanting in ordinary care, and that his failure to exercise this degree of care was the sole proximate cause of his injury, he could not recover, and your verdict would be for the defendant." And the court further charged: "If you find from the evidence that this defendant was negligent to some extent, and that the plaintiff was negligent to an equal or greater extent, the plaintiff cannot recover, and your verdict would be for the defendant. No person shall recover damages for injury to himself or his property where the same is caused by his negligence."

If a requested charge is on a material point and is pertinent, and is not substantially covered by the charge as given, it should be given in the language requested, and a refusal to give it in the language requested is cause for the grant of a new trial. Code §§ 70-207, 81-1101; *Wooten* v. *Morris,* 175 *Ga.* 290, 293 (4) (165 S. E. 626). In *Chandler* v. *Pollard,* 64 *Ga. App.* 122 (12 S. E. 2d 190), where error was assigned on the court's failure to charge without request on the principle of law stated in the request here, it was held: "Whether a charge that a plaintiff cannot recover if he is injured as the result of his own failure to exercise due care to avoid the consequences to himself of the defendant's negligence is error unless the court instructs the jury, in connection therewith and as a part thereof, that the duty to exercise such due care to avoid the consequences of the defendant's negligence does not arise until the negligence of the defendant is apparent, or its existence could have been apprehended by the plaintiff in the exercise of reasonable diligence, it is better that the charge contain this qualification." See also *Maner* v. *Dykes,* 55 *Ga. App.* 436, 443 (190 S. E. 189); *Johnson* v. *Roberson,* 88 *Ga. App.* 548 (77 S. E. 2d 232). Where, as here, there is a pertinent legal request which sets forth more specifically than is done in the general charge the rule of law relating to the plaintiff's failure to exercise ordinary care as a bar to his recovery, or the circumstances under which his duty to exercise ordinary care arises, and such request is not given in charge, a new trial must be granted.

■ Special grounds 1 and 5 will be considered together. Ground 1 assigns error on the following charge: "I charge you in the same connection, of course, that if you find from the evidence that the defendant was in control of the premises where the accident occurred, if an accident occurred, and was under contract to maintain the barricade as alleged, and failed to do so, in that event then the defendant would be liable if you find those facts to be true." Ground 5 complains that, after the jury had considered the case for some time, they returned and, in response to a question of the foreman as to whether the contractor was "responsible for building the barricades," the judge gave the following charge: "I charge you, gentlemen, in that connection, that you would look to all the evidence in this case relative to

that point, including the contract which was offered by counsel, between the construction company and the State Highway Department. Of course, if the contract with the State Highway required him to maintain these lights, barricades, they would be responsible. If not, they would not." It is contended that these charges were error, in that the action being in tort the plaintiff, not being a party to the contract between the construction company and the Highway Department, was given the right to recover for alleged breaches of the contract, in that the charge "led the jury to believe that, if the State Construction Company had breached some of the conditions of the contract . . . that these breaches would inure to the benefit of the plaintiff . . . and that a verdict could not be rendered in behalf of this plaintiff based upon evidence of a breach of the contract, and was therefore harmful and prejudicial." It is further contended that the recharge was in conflict with a portion of what had been previously charged: "I charge you that you will look to the evidence in this case to determine whether or not this defendant was in control of that part of the approaches where the barricade and warning signs were placed. And if you find from this evidence that this defendant was not in control of this portion of the highway and approaches to said bridge then the plaintiff would not be entitled to recover of the defendant because unless you find from the evidence that the defendant was in control of this portion of the approaches to the highway, there would be no duty upon this defendant to erect or maintain barricades and warnings"; and that these instructions, taken together, were confusing and misleading to the jury.

The contract involved in this case was one between the defendant road contractor and the State Highway Department, which provided in part that certain warning signals be erected by the defendant over a stated number of feet extending from the bridge along the embankment from the approach to the bridge. Such contract was an undertaking by the defendant to exercise control over the approaches to the bridge for the purpose of warning the public of danger incident to the construction work. This limited obligation inured to the benefit of the public and the plaintiff, and, to this extent, the contract was relevant and admissible in evidence. However, the fact that the defend-

ant agreed with the State Highway Department as to the particular method to be used in warning the public is not binding upon third persons who are members of the public not parties to the contract, for the reason that the defendant in proceeding with the construction work owed the public a duty to exercise ordinary care to warn passers-by of dangers incident thereto, and it would be contrary to public policy to permit the parties to a contract to establish by agreement among themselves what specific acts by either of them would constitute ordinary care as to third persons. If parties were so allowed to contract, and if their contract was given full effect, the parties might agree on certain precautions, or lack of precautions, which would not amount to the exercise of ordinary care under the circumstances, and so circumvent the law. The situation is similar to that in *Leonard* v. *Fulton National Bank of Atlanta*, 86 *Ga. App.* 635, 637 (72 S. E. 2d 93), where it was held that, while one might, as to other contracting parties, relieve himself of all liability for failure to repair premises, such contract would not relieve the contracting party from liability toward a third person in a situation where he would otherwise be liable. To the same extent, an agreement by a contracting party to exercise certain precautions will not be conclusive and binding in an action against him by a third person who is a stranger to the contract that such precautions, and no others, must be used as the measuring stick of the duty of ordinary care owed by him to the public generally. As is stated in Wymer-Harris Constr. Co. *v.* Glass, 122 Ohio St. 398 (171 N. E. 857, 69 A.L.R. 517, 520): "We conclude the rule to be that the duty owing toward the public by a contractor in the performance of public work cannot be increased by a contract with a public official as such, beyond the sum of the legal duty of such public official toward the public and the legal duty of the contractor toward the public." In consequence, whether or not the barricade contracted to be erected should have been erected by the defendant in the exercise of ordinary care for the protection of the members of the public remained an issue of fact for the determination of the jury, and the charge that, if the defendant contracted to maintain such barricade and failed to do so, he would automatically become liable in this case was error.

It is unnecessary to pass upon the exceptions pendente lite

or the remaining grounds of the amended motion for new trial. The general grounds are not passed upon, as the case is to be tried again. The court erred in·overruling the motion for a new trial.

*Judgment reversed. Sutton, C. J., Gardner, P. J., Felton, Townsend, and Carlisle, JJ., concur. Worrill, J., dissents.*

WORRILL, J., dissenting. I dissent from the rulings of the majority of the court in the 2nd and 3rd divisions of the opinion and from the judgment of reversal. While I recognize the principle that pertinent and legal requests to charge on a material issue should be given in the language requested, this rule has no application where the charge as given substantially covers the language of the request. I think that the charge as given substantially covered the request in this case, and that the failure to instruct the jury that the duty of the plaintiff to exercise ordinary care to avoid the negligence of the defendant did not arise until the defendant's negligence was known to him or should have been apparent to him, if error, was certainly not harmful to the defendant and was not error of which the defendant can complain.

As to the instruction with reference to the contract between the defendant and the State Highway Department, I do not think that, when the entire charge is read, this court can say that the jury could have misunderstood that the plaintiff's right to recover depended on the negligence of the defendant and not on any contractual obligation. I do not think that these charges were error for any of the reasons assigned.